## No. 6211.

### GUSTAVE S. ROUSSEAU vs. F. NORBERT MARIONNEAUX.

The plaintiff, an attorney-at-law, had agreed with defendant to collect certain promissory notes, with the understanding that in no case was he to demand or receive fee for suit brought on said promissory notes until collected, which fee would then be eight per cent on the amount.

It appears that plaintiff obtained judgment on three notes, issued *fieri facias*, which were returned *nulla bona*, and never made any further effort to realize anything from these judgments. Seven years elapsed before there was any prospect of any thing being made by prosecuting the judgments; but when in the progress of events an opportunity occurred to collect something, the plaintiff took no step in that direction, although requested to do so. He not only failed to take any action in the matter, but, it seems, he even discouraged the making of an effort to collect. The defendant then employed an attorney, with the plaintiff's assent, and the last attorney collected over ten thousand dollars. The plaintiff now demands eight per cent commission on the amount collected, as due him per contract. Under the circumstances of the case, the plaintiff is entitled to no fee.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Dewing*, J. *George Wailes* and *Barrow & Pope*, for plaintiff and appellant. *Samuel Matthews*, for defendant and appellant.

TALIAFERRO, J. The plaintiff, an attorney-at-law, sues the defendant for a fee, amounting to $912 67, which he alleges the defendant owes him. The defendant answered by general denial. He admits entering into the written agreement declared upon by the plaintiff, but alleges that according to the terms of the agreement there is nothing owing to him, as the plaintiff never collected anything for the defendant on the notes referred to in his petition.

The judgment of the lower court was in favor of defendant and rejecting the plaintiff's demand. The plaintiff appealed.

The defendant placed in the hands of the plaintiff various promissory notes, amounting in the whole to about twenty thousand dollars, on the following conditions expressed in the written agreement of the parties: ."The party of the first part (Marionneaux, the defendant,) agrees to

Rousseau vs. Marionneaux.

pay all the costs of the suits in the district court, that is to say, clerk's and sheriff's costs for the collection of the said notes above described. The party of the first part and the party of the second part have agreed that the said party of the second part is entitled to no fees, except when the said promissory notes are collected or part thereof, and then the said party of the second part is to receive eight per cent on all sums collected, whether through due course of law or otherwise, but in no case is he to demand or receive fee for suit brought on said promissory notes above described until collected."

It appears that the attorney obtained judgments on these notes, issued *fieri facias*, which were returned *nulla bona*, and never made any further effort to realize any thing from these judgments. Seven years elapsed before there was any prospect of any thing being made by prosecuting the judgments; but when in the progress of events an opportunity occurred to collect something, the plaintiff took no step in that direction, although requested to do so. He not only failed to take any action in the matter, but it seems he even discouraged the making of an effort to collect. The defendant then employed another attorney with the plaintiff's assent, and the last attorney collected over ten thousand dollars, and the plaintiff now demands eight per cent commission on the amount collected as due him under the contract between him and the defendant. We see no ground for such a demand, and conclude the decree of the lower court was properly rendered.

It is therefore ordered that the judgment appealed from be affirmed with costs.