MOISE, Justice.
 

 Sidney L. Russell is appealing from a judgment of the district court overruling certain exceptions, granting preliminary injunctions, and ordering an inventory of the property belonging to the community of acquets and gains heretofore existing between the defendants.
 

 The petitioner alleges that by- reason of a contract entered into with Mrs. Katherine O’Hara Russell, he is an owner of the property of the community in common with Mrs. Russell and her husband; that Mrs. Russell obtained a judicial separation from her husband, and a partition of the community property; that in the separation suit, the court ordered an inventory made of the community but none was taken; that .the wife was induced by her husband to go into a pretended partition; that the husband failed to disclose the mass of the community; that he concealed the truth and defrauded her of her property rights, and for these reasons, or, in the alternative, for lesion, the pretended partition should be nullified. Plaintiff prayed that the notarial partition of April 18, 1946 be declared null; that his interest in the community be fixed, a new partition ordered, and an inventory of all of the community of acquets and gains hereto
 
 *1049
 
 fore existing between defendants be taken; and that restraining orders issue, followed by a temporary and, in due -course, a permanent injunction.
 

 To this action Mr. Russell filed an exception of no right or cause of action. He prayed that, as against him, the suit be dismissed and that the temporary restraining order be recalled and set aside. His contention is that he is not a party to the contract made between plaintiff and Mrs. Russell; that there is no privity of contract and whatever rights plaintiff has are against Mrs. Russell alone.
 

 Upon hearing, the district court overruled the exception and issued an order for a preliminary injunction and for an inventory of the community property. Mr. Russell filed a motion for a suspensive appeal from the court’s ruling. See Tennant v. Russell, 210 La. 1092, 29 So.2d 167. The appeal was granted and the matter is now before us on the merits. Mrs. Russell did not appeal and, therefore, no reference will be made to her pleadings.
 

 The controversial agreement reads as follows:
 

 “New Orleans, Louisiana
 

 “July 23, 1946.
 

 “Whereas, I, Mrs. Katherine O’Hara Russell, wife of Sidney L. Russell, have .heretofore filed suit in the Civil District Court for the Parish of Orleans, State ■of Louisiana, in proceedings No. 161,699 in which I was successful in having a judgment of separation from bed and board rendered in my favor and against Sidney L. Russell and
 

 “Whereas, the said judgment decreed that the community of acquets and gains previously existing between myself and Sidney L. Russell should be dissolved and
 

 “Whereas, in confirmation of the judgment ordering the partition of the community property, a partition agreement was entered into before F. C. Johnson, Notary Public, on April 18, 1946 and whereas I have reason to believe that the said partition was in fraud of my rights and that properties owned by the community were not included and that the said .Sidney L. Russell did not make a full and complete disclosure of the -community’s true worth and that he did wilfully and fraudulently deprive me of information that should have been made available to me before any setr tlement or partition was made, and, where-, as in the said partition eight (8) certain promissory notes each -in the sum of $5,-000.00, which said notes were. payable to the order of Sidney L. Russell and were not secured by mortgage or pledge of any kind were given in the said settlement, and
 

 “Whereas, it is now my desire to set aside the. said partition entered into before F. C. Johnson, Notary Public, under date of April 18, 1946,
 

 “Now, therefore, .1 do hereby employ Samuel J. Tennant, Jr., Attorney-at-law as my attorney to set aside the said partition or to effect a further compromise
 
 *1051
 
 and settlement of the community existing between myself and Sidney L. Russell so that I may share in properties, both real and personal, that were not taken into consideration at the time the partition was made and I agree to pay to Samuel J. Tennant, Jr. one-fourth (%) of any monies, funds or property which he may recover for me.
 

 “It is understood that the said Samuel J. Tennant, Jr. is to be paid no' fee whatever, s.ave and except the one-fourth (%) of the monies or property which he may recover for me, including a one-fourth (^4) interest in new notes to be secured by a mortgage, or by cash or property to be given in lieu of the said eight (8) unsecured promissory notes above described and in the event that he is unsuccessful that I am to be charged no fee of any kind. It is further understood and agreed that the one-fourth (J4) interest going to the said Samuel J. Tennant, Jr. is not to be on any of the property, funds or cash that came to me under the partition before F. C. Johnson, Notary Public, dated April 18, 1946, .except on the eight (8) unsecured promissory notes in the sum of $5,000.00 each, above referred to. In other words, the said Samuel J. Tennant, Jr. is only to share in any property or monies which he may recover over and above that portion which came to me under the partition, plus an interest in new mortgage or secured notes or properties or money given in lieu thereof.
 

 “I agree that the employment of the said Samuel J. Tennant, Jr. is irrevocable and he is hereby vested with a one-fourth (%) interest in my claim. It is understood, however, that he is not to make any settlement without my written consent.
 

 “(Signed) Mrs. Katherine O’Hara Russell
 

 “I accept the above employment under the terms and conditions set forth herein.
 

 “(Signed) Samuel J. Tennant, Jr.”
 

 In testing the rights of the parties, we must not set up any theoretical standards but the case must be judged by the concrete provisions imposed by the contract. Tennant contends that by virtue of this contract he has a vested right and that he is a co-owner in the community property with Mrs. Russell to the extent of a one-fourth interest or a one-eighth in the full community and that as such owner in common with Mrs. Russell and her husband, he is entitled to invoke all of the remedies prayed for in his petition.
 

 A right is
 
 vested
 
 when “the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete, and unconditional, independent of a contingency, and a mere expectancy of future benefit, or a contingent interest in property * * * does not constitute a vested right.” 16 C.J.S., Constitutional Law, § 215, page 642. To say therefore, from the
 
 *1053
 
 factual set up herein, that the plaintiff has a vested right or is an owner in common of the community party in question on the contract of employment based on a contingency, is a legal syllogism that does not syllogize. Mr. Tennant is a member of the Bar in good standing. He is actively engaged in the practice of his profession. Mrs. Russell evidently felt that she did
 
 not
 
 get all that she should have received in the partition of April 18, 1946. She thereupon procured the services of Mr. Tennant. The contract was one of employment and was between attorney and client. The fee was fixed in the amount therein stated. It was based on the contingency of a recovery. If there was no recovery there was to be no fee and Mr. Tennant was to represent in that contract dn the manner agreed upon.
 

 It is stated in Article 22 of the petition that Mrs. Russell had discontinued proceedings filed by Mr. Tennant in her behalf .to set aside the notarial partition. In an analysis of the petition and the contract nowhere is it shown or pleaded that it was agreed between the parties that neither the attorney nor the client should have the right, without written consent of the other, to discontinue the suit. The presumption of law is that this provision was intentionally left out of the contract. The maxim is “affirmatio unius exclusio est alterius.”
 

 By reason of Article 491 of the Code of Practice, Mrs. Russell, as a matter of express law, could at any time discontinue the suit before final judgment, upon payment of the costs. The plaintiff is assuming that by virtue of his contract, he can substitute himself for Mrs. Russell and have all these rights and causes of action the same as a partner in community when his right claimed in the last analysis is based solely on an expectancy or a contingency. Again, the contract is silent on a stipulation that he can place himself in Mrs.-Russell’s shoes when the contract provides that the suit must be filed for her and on her behalf. This is an assumption of a right not conferred by the contract.
 

 The Succession of Carbajal, 139 La. 481, 71 So. 774, 775, should be of great weight in determining the issue herein for there the court said “* * *' a contract for a contingent fee gave an attorney no interest in the subject-matter of the litigation to which the ’contract might relate, but
 
 entitled him only to a privilege u-pon the judgment,
 
 if and when obtained, 'and that, notwithstanding such contract, it was within the power of the client to discontinue the suit at will,
 
 leaving to the attorney his right of action on quantumwneriiit for services rendered.”
 
 (It&fics 'mine-.)-
 

 For the above reasons, the exception of no right or‘cause of action, is maintained, the preliminary’injunctions are annulled and set aside, the order "'to take an inventory is vacated and the suit is dismissed at plaintiff’s costs.
 

 O’NIELL, C. J., does not take parti