LOTTINGER, Judge.
Petitioner, Jesse Inman, filed suit against defendant, Mrs. Lillie May Gonzales, claiming the sum of $4,443.75 as alleged attorney fees for his services. Petitioner attempted to take a judgment by default, but the Lower Court rejected his demands and dismissed the suit. Prior to the dismissal, petitioner asked that his demand be reduced to the sum of $1,995, which was allowed by the Lower Court. The petitioner has appealed.
The petition alleges that during the month of January, 1954, defendant employed petitioner as her attorney to sue defendant’s divorced husband for settlement of the community property which existed between them. The contract of employment was oral, and, for his services, petitioner was to receive a fee of 25% of the amount of defendant’s half of said community. Petitioner did perform certain services, but was later discharged as attorney by defendant. He now claims to be entitled to the attorney fee as specified in their oral contract, or, in the alternative, claims to be entitled to a fee on a quantum meruit basis. The value of defendant’s half of the community was some $17,775.
No pleadings were filed by defendant. The petitioner took a preliminary judgment by default, and then offered evidence on confirmation of the default. The Lower Court rejected petitioner’s demands and dismissed his suit. The petitioner has appealed.
*915 There is no question that the oral contract of employment between petitioner and defendant was on a contingent fee basis. Petitioner was to receive 25% of the amount of the portion of the community property recovered on behalf of defendant. As defendant dismissed petitioner as her attorney prior to the settlement of community, he recovered nothing on her behalf.
Considering the fact that petitioner has recovered nothing under his contract with defendant, we do not feel that he was entitled to any fee on the contract. As was stated in Succession of Carbajal, 139 La. 481, 71 So. 774, 775:
“ * * * a contract for a contingent fee gave an attorney no interest in the subject-matter of the litigation to which the contract might relate, but entitled him only to a privilege upon the judgment, if and when obtained, and that, notwithstanding such contract, it was within the power of the client to discontinue the suit at will, leaving to the attorney his right of action on quantum meruit for services rendered.”
The same situation is presented under the doctrine of Tennant v. Russell, 214 La. 1046, 39 So.2d 726, 728. In that case the contract of employment of the attorney was a contingent one. The Court said:
“It was based on the contingency of a recovery. If there was no recovery there was to be no fee * *
Under the established jurisprudence of our sovereign state, we feel that the petitioner is entitled to no fee on the alleged contract with defendant. His fee was contingent upon his recovery of the defendant’s interest in the community. As he recovered nothing, he is entitled to no fee on a contract basis.
However, we do feel that the petitioner would have a good cause of action on a quantum meruit basis, but he did not prosecute his case on a quantum basis. In his testimony on confirmation’ of default, petitioner stated:
“But this is not an action on quantum, it is an action on a specific contract. And I have declared upon that contract.”
No evidence was introduced to show the amount of services performed by petitioner, nor the value of same. As a matter of fact, practically all the testimony adduced on confirmation was the testimony of petitioner that he desired relief on the specific contract and not on a quantum meruit basis.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.