HARDY, Judge.
This is a suit for the recovery of attorney’s fees, on a quantum meruit basis, for services rendered by plaintiff.' From a judgment in favor of defendant dismissing plaintiff’s suit, plaintiff has appealed.
The facts are undisputed and may be briefly set forth. Plaintiff and defendant, as attorney and client respectively, entered into a written contract in which plaintiff accepted employment as attorney for defendant and agreed to diligently prosecute a claim on a life insurance policy against ■Lighthouse Life Insurance Company, Inc. in consideration of a contingent fee of 50% of the value of any recovery under the claim. The contract specifically provided that neither party thereto should enter into any settlement, release, compromise or dismissal of the said claim without the written consent of the other. Pursuant to the obligations of the contract plaintiff, after considerable unsuccessful negotiations with the insurance company, filed suit on behalf of his client. On trial of the suit, while under cross-examination, the plaintiff, Ed Robinson, expressed a desire to dismiss the suit, and his request was granted. The nature of this incident is set forth in the following extract from the transcript of' evidence taken in the said suit, at which time the plaintiff was on cross-examination by *257 the attorney for defendant insurance company:
“Q. And as of yesterday, didn’t you say that you had no further interest in this claim, that you admitted that you wasn’t entitled to anything; isn’t that correct? A. I never admitted that I was not entitled. I admitted I didn’t want nothing else to do with it. This part I am going through with now, I don’t want that.
“Q. As far as you are concerned right now, you— A. (interrupting) To go back to my job and go to work.
“Q. You desire that it be dismissed and go no further with it. Is that correct? A. That is me.
“Mr. Coen: Your Honor, under the circumstances, if it is in order, we would like to file an exception of no cause or no right of action. The plaintiff admits that he desires to go no further with this case, and he desires it to be dismissed.
“The Court: Let his request be granted.”
The minutes of the court show the following entry pursuant to the above action:
“June 20, 1957: Regularly taken up for trial, evidence adduced in part. Plaintiff in proper person requesting same it was ordered that this suit be dismissed as of non-suit, (Judge O’Neal).”
Plaintiff instituted this suit and prayed for judgment for services rendered, on the basis of quantum meruit, in the sum of $499, in accordance with an itemized statement and valuation which was set forth in detail in his petition. The defense is based upon the contention that this defendant, Robinson, did not dismiss the suit but that the dismissal was effected either upon motion of counsel for defendant insurance company or by the court. This contention was upheld by the trial judge in his assignment of written reasons for judgment. The court further observed that plaintiff had failed to avail himself of the protective provisions of LSA-R.S. 37:218, and that he had made no attempt to exhaust the remedies available to him in district court.
The issue tendered by this appeal is whether plaintiff is entitled to recover on a quantum meruit basis for services rendered the defendant on the ground that his client dismissed the suit, which was the basis of the contract, in direct violation of the contractual provisions.
We find no merit in the claim that defendant did not dismiss the suit in question. The fact is clearly established by the above quoted excerpt from the transcript of evidence and is correctly reflected by the minute entry.
Nor do we find any merit in the defense that plaintiff failed to avail himself of the protection afforded by LSA-R.S. 37:218, and further failed to exhaust his remedies in the district court. It appears that this question was interjected by the judge of the trial court and it has not been asserted in brief of counsel for defendant before this court on appeal. It suffices to say that plaintiff, if he had so chosen, could have filed his contract with the clerk of the court in which the suit was pending, in accordance with the provisions of the statute above noted, whereupon the suit could not have been dismissed by his client, in the absence of the attorney’s written consent to such action. However, we cannot find that this circumstance has any bearing upon plaintiff’s right to recovery on a quantum meruit basis, and no authority for such a conclusion has been cited either in brief of counsel or the opinion of the trial court.
A contract between attorney and client is a mandate revocable by the principal, but such revocation entitles the attorney to recover for services actually performed on the basis of quantum meruit. Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.,N.S., 389; Schiro v. Macaluso, *258 13 La.App. 88, 126 So. 244; Tennant v. Russell, 214 La. 1046, 39 So.2d 726.
The right to recovery on the basis of quantum meruit is not affected by the additional protection accorded an attorney under the statutory provisions of LSA-R.S. 37:218, and this statutory right is not destructive of the assertion of his claim, by choice of the attorney, on the ground of quantum meruit. In the instant case, though plaintiff did not choose to file his contract and avail himself of the protection of the statute he is not thereby precluded from asserting his claim to the extent of the value of services actually performed.
As above observed, plaintiff claimed the sum of $499 as fairly representing the value of the services performed in the interest of his client. While it is true that this estimate of value was established as reasonable by the testimony of two practicing attorneys of the Shreveport Bar on trial of this case, we do not think this evidence, in itself, justifies the allowance of the full amount. The claim in connection with which plaintiff’s services were contracted involved the collection of the maximum principal sum of $400. If the suit had been continued and plaintiff had recovered, the attorney would have been entitled to a maximum fee of $200, and under the provisions of the contract would have been responsible for the payment of costs. We think plaintiff is entitled to a substantial recovery in the instant case for, unquestionably, he was seriously prejudiced by the unusual action of his client. Under the circumstances, we think an allowance of $150 would be reasonable.
For the reasons assigned the judgment appealed from is annulled and reversed and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of plaintiff, John Paul Woodley, and against the defendant, Ed Robinson, in the sum of $150, with interest thereon at the legal rate from date of judicial demand until paid, and for all costs