240 So.2d 920 (1970)
A. P. SCHIRO, III
v.
Mrs. Rita Muller PERKINS.
No. 4122.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1970.
Rehearing Denied December 7, 1970.
Writ Refused January 18, 1971.
*921 Tolmas, Schiro & Horton, Dorothy T. Horton, New Orleans, for plaintiff-appellant.
Jesse S. Guillot, New Orleans, for defendant-appellee.
Before SAMUEL, TAYLOR and LeSUEUR, JJ.
TAYLOR, Judge.
This appeal arises out of a suit by an attorney against his client for attorney's fees. The plaintiff alleges that he entered into a contract with defendant whereby he was to secure for defendant a judgment of separation, custody and child support in return for which she would pay him a fee of $1,000.00 plus all costs. The defendant admits that she did so contract with the plaintiff for the $1,000.00 and costs, but alleges that he was to secure on her behalf a judgment of legal separation, child custody and child support, negotiate a property settlement and obtain a Louisiana divorce.
Plaintiff drafted and filed a petition for legal separation in a suit entitled Mrs. Rita Maria Muller, wife of Logan Perkins v. Logan Perkins, No. 465-401, Civil District Court for the Parish of Orleans. He also secured the child custody and child support by a rule filed in that separation suit. The trial of the rule consumed the better part of one day. He also had several conferences with the defendant and filed several other rules in connection with the original *922 judgment of child custody and support. These rules were continued on several occasions by the court over the objection of the plaintiff who was present in court and ready for trial each time the rules were continued.
By letter of October 17, 1967, the defendant requested that plaintiff withdraw as counsel of record in the case and turn over the file to another attorney. In a subsequent letter dated November 1, 1967, defendant informed plaintiff that she felt that since two of the five services allegedly contracted for had been performed, a fee of 2/5 of $1,000.00, less $150.00 which was previously paid, would be a just amount. On November 12, 1968, this suit was filed for the amount of $907.20, which represents the $1,000.00 agreed fee, plus $57.20 costs expended by the plaintiff, less the $150.00 previously paid to him. The plaintiff alleges breach of contract and prays he be given judgment in the full amount of the agreed fee.
The defendant answering admits the agreed amount but denies the plaintiff is entitled to the full amount for the reasons stated above. On the trial of this matter judgment was rendered for defendant dismissing plaintiff's suit at plaintiff's cost. In his reasons for judgment the trial judge did not deny that valuable services were performed by the plaintiff for the defendant. He concluded this was a community obligation and only the husband could stand in judgment and if any fee were due it would be set on a quantum meruit basis.
Plaintiff introduced a judgment from Civil District Court for the Parish of Orleans in case No. 397-762, being a judgment of separation in favor of defendant herein and against her husband, dated April 24, 1962. A conveyance certificate from the Registrar of Conveyances for the Parish of Orleans was also introduced showing that the community of acquets and gains was never reestablished by notarial act and registered in the Conveyance Office.
The law is well settled that upon a rendition of a judgment of separation from bed and board the community of acquets and gains is terminated. Gouaux v. Gouaux, La.App., 211 So.2d 97 (1968). The only manner in which it may be reestablished thereafter is pursuant to Article 155 of the Louisiana Civil Code which requires a notarial act and registration in the conveyance office. Austin v. Succession of Austin, 225 La. 449, 73 So.2d 312 (1954); Maloney v. Maloney, La.App., 197 So.2d 131 (1967); Barnes v. Barnes, La.App., 207 So.2d 895 (1968). Since this was not done there was no community existing between the defendant and her husband at the time she entered into the contract with the plaintiff. Since there existed no community of acquets and gains at the time the contract was entered into, the obligation to pay plaintiff cannot be a community obligation. Moseley v. Moseley, La.App., 216 So.2d 852 (1968).
The court is of the opinion that the obligation to pay plaintiff his attorney's fee is a personal obligation of the defendant. LSA-R.S. 9:101 provides as follows:
§ 101. Emancipation from all disabilities and incapacities; obligations
"All married women, including nonresidents so far as they are affected by the laws of this state, are fully emancipated from all the disabilities and relieved from all the incapacities to which, as such, they were formerly subject. They may make contracts of all kinds and assume or stipulate for obligations of all kinds, in any form or manner now permitted, or which may hereafter be permitted, by law for any person, married or unmarried, of either sex, and in no case shall any act, contract, or obligation of a married woman require, for the validity or effectiveness thereof,
*923
 of, the authority of her husband
 or of the judge."
Since Mrs. Perkins has the capacity to bind herself for obligations of all kinds, she is the proper party defendant to stand in judgment in a suit to enforce the obligation for which she contracted. LSA-C.C.P. art. 731.
It is a well established principal of law that a contract between attorney and client is a mandate. It may be revoked at any time, and if it is, the attorney may be compensated for his services on a quantum meruit basis. Woodley v. Robinson, La.App., 100 So.2d 255 (1958). There is no question from a reading of the transcript and the entire record that the plaintiff did render valuable services to the defendant herein.
Defendant has urged the court to maintain the ruling of the lower court on the basis that the contract between herself and plaintiff was not proven by "* * * one credible witness, and other corroborating circumstances * * *" as Civil Code Article 2277 requires. The court is of the opinion that plaintiff's claim has been established properly and that he is entitled to adequate compensation.
Plaintiff has testified and the defendant has corroborated that a contract was entered into between them. There is no dispute that plaintiff has made several court appearances on defendant's behalf. There is also no dispute that defendant terminated plaintiff's employment, but not before plaintiff had filed a separation suit for defendant and had obtained custody and child support for her. He also filed several rules which were not tried because of continuances granted by the court. Plaintiff has also conferred both personally and over the telephone with defendant during the time he was employed by her. It is also obvious that the defendant herself realized the value of the plaintiff's service in that she concluded that he was entitled to a fee of $400.00 as evidenced by her letter of November 1, 1967.
The court is of the opinion that valuable services were indeed rendered by plaintiff. However we conclude that for the time expended and the services rendered the plaintiff should be compensated for his services in the amount of $500.00. Plaintiff is also entitled to be reimbursed for $57.20, the amount expended by him as court costs. From these amounts is to be deducted the $150.00 previously paid by the defendant.
Since plaintiff's appeal has been perfected, defendant has filed an exception of prescription in this court. However, we are of the opinion that this exception must be overruled. Civil Code Article 3538 provides that an action for attorney's fees is prescribed by three years. The record will establish that suit was filed to obtain the unpaid amount of plaintiff's fee on November 12, 1968, well within three years of the time the amount became due.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, A. P. Schiro, III, and against defendant, Mrs. Rita Muller Perkins, in the full sum of $407.20 with legal interest from date of judicial demand until paid; all costs to be paid by the defendant.
Reversed and rendered.