252 So.2d 353 (1971)
Harry R. CABRAL, Jr.
v.
Mr. & Mrs. Roy S. HEITKAMP.
No. 4348.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 1971.
*354 Hartman C. Daniel, Metairie, for plaintiff-appellee.
Melvin W. Mathes, of Beard, Blue, Schmitt & Treen, New Orleans, for defendants-appellants.
Before SAMUEL, REDMANN and STOULIG, JJ.
REDMANN, Judge.
Plaintiff attorney at law sued a husband and wife for $500 with 8% interest and 40% attorney's fees. He alleged a $500 demand note with those terms signed by the wife, and sufficiently stated professional services to the wife, in connection with a proposed suit for separation from bed and board and incidentals, to support an alternative claim in quantum meruit.
Defendants appeal from a judgment for $250 with 8% interest and 40% attorney's fees.
The employment of an attorney is mandate, revocable at the client's will; C.C. art. 2038; Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.,N.S., 389 (1911). The client here revoked the mandate shortly after it was given. Services actually performed are compensated solely in quantum meruit; the contract's provision for compensation is not enforceable; Schiro v. Perkins, 240 So.2d 920 (La.App.1970).
Defendant wife owes plaintiff (as does her husband, Gosserand v. Monteleone, 1935, 159 La. 316, 105 So. 356, 43 A.L.R. 310) for his services in quantum meruit.
Plaintiff spent between 30 and 60 minutes counselling the wife and dictating a petition for separation, etc., and temporary restraining order against alienating community property.
Defendants dispute plaintiff's authorization to actually file the suit, which he did the Monday following the Friday consultation. The wife was living with the husband at the time, but the circumstances she recited lend support to the attorney's understanding that the wife would definitely move out over the weekend. Nevertheless an attorney cannot rely on a party's statement of intent to move out, but must have a statement of fact that the separation has occurred, prior to his filing suit in the ordinary separation case. The fact that the parties are still living together when suit is filed might defeat a suit, because of the requirement that ill treatment justifying a judgment of separation be "of such a nature as to render their living together insupportable;" C.C. art. 138, subd. 3.[1] Furthermore, filing a petition while the parties are still living together might itself be the occasion for further deterioration of the marriage relation which the parties, however trying the circumstances, have not yet openly abandoned. Although it did not do so here, a premature filing could conceivably trigger a physical separation which might otherwise not have occurred. We award plaintiff neither fees nor costs for the actual filing of the suit and the obtaining and ultimate release of the restraining order.
Plaintiff is entitled to payment for his consultation and preparation of the petition. For the exercise of professional skill involved and the time spent we conclude $75 would be proper. Meyer v. Howard, 136 So.2d 805 (La.App.1962), cert. denied, is cited by plaintiff but is inapposite on quantum *355 because there the lawyer had not one but a series of interviews with the client.
We cast plaintiff for all costs because there is no theory, other than naked possession of a note, on which plaintiff could insist on a $500 payment, and it was this insistence which alone necessitated this suit. Plaintiff rejected an inquiry whether his bill for the full $500 was mistaken.
The judgment is amended and recast as follows:
There is judgment in favor of plaintiff and against defendants in solido in the amount of $75.00, with legal interest from judicial demand; plaintiff to pay all costs.
NOTES
[1] Continuing ill treatment is not, however, necessarily condoned by continuing to live together, where the innocent spouse does finally move out before suit; Sadoff v. Sadoff, 210 So.2d 614. (La.App.1968)