272 So.2d 716 (1973)
Bernard KRAMER, Plaintiff-Appellant,
v.
Billy M. GRAHAM, Defendant-Appellee.
No. 4068.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
*717 Kramer & Kennedy, by W. T. Armitage, Jr., Alexandria, for plaintiff-appellant.
Gerard F. Thomas, Jr., Natchitoches, for defendant-appellee.
Before SAVOY, CULPEPPER and MILLER, JJ.
SAVOY, Judge.
Plaintiff, an attorney at law, filed the instant suit against defendant to recover attorney's fees on a quantum meruit basis and for court costs. For a cause of action, plaintiff alleged he was employed by defendant on a contingency fee basis to recover a claim under the Fair Labor Standards Act; that plaintiff was discharged by the defendant; and, that defendant owes him reasonable attorney's fees plus court costs advanced on defendant's behalf.
Defendant admitted the employment of plaintiff and his subsequent discharge. In defense of his action discharging plaintiff, defendant alleges that he employed plaintiff on June 5, 1970, and discharged him on February 8, 1972, for the reason that he made repeated demands on plaintiff for information as to the status of his claim, without success. He also alleges that he was required to employ another attorney.
After a trial on the merits, the district judge dismissed the claim as premature. Plaintiff has appealed.
In his reasons for judgment, the district judge based his decision on the case of Fracasse v. Brent, 6 Cal.3d 784, 100 Cal. Rptr. 385, 494 P.2d 9, in which case the California Supreme Court held that a cause of action of a discharged attorney against a client to recover compensation for services rendered under a contingent fee contract does not accrue at time of discharge, but only when the contingency stated in the original agreement has occurred, namely, the client has recovered either by settlement or judgment.
We are not bound by the California decision and do not choose to follow it.
The general rule is that a client has a right to discharge an attorney with or without cause. This being true, the contract is at an end upon the discharge of the attorney. In this event, the attorney may be compensated for his services on a quantum meruit basis. The rule of law in Louisiana appears to be contrary to that of California. In Succession of Carbajal, 139 La. 481, 71 So. 774 (1916), the court stated:
"* * * a contract for a contingent fee gave an attorney no interest in the subject-matter of the litigation to which the contract might relate, but entitled him only to a privilege upon the judgment, if and when obtained, and that, notwithstanding such contract, it was within the power of the client to discontinue the suit at will, leaving to the attorney his right of action on quantum meruit for services rendered."
See also, Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949); Woodley v. Robinson, 100 So.2d 255 (La.App. 2 Cir. 1958); and *718 Schiro v. Perkins, 240 So.2d 920 (La.App. 4 Cir. 1970).
On behalf of his client, plaintiff negotiated with the Department of Hospitals. He researched the applicable law and filed suit in the United States District Court. He advanced filing fees and the fees charged for service of process. There is no evidence in the record to suggest that his $180.48 bill for services and expenses is excessive.
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff, Bernard Kramer, and against defendant, Billy M. Graham, in the sum of $180.48, with interest at the rate of 5% per annum from judicial demand until paid, and for all costs of suit.
Reversed and rendered.