286 So.2d 170 (1973)
Erin Elizabeth LAWRENCE, divorced wife of James R. LYNCH, Jr. and James R. Lynch, Jr.
v.
Harry BURGLASS.
No. 5924.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Garland R. Rolling, Metairie, for plaintiff-appellant.
James O. Manning, Metairie, for defendant-appellee.
Before SAMUEL, BOUTALL and FLEMING, JJ.
*171 SAMUEL, Judge.
Plaintiffs, divorced husband and wife, instituted this suit against the attorney employed by the husband in a separation action between the parties. Alleging the attorney was discharged shortly after he was retained, plaintiffs seek to recover the sum of $600 from a $745 retainer fee paid at the inception of defendant's legal services. Following trial, judgment was rendered in favor of the plaintiffs in the sum of $200. Plaintiffs have appealed. Defendant has answered the appeal seeking to set aside the $200 award to plaintiffs.
The record reveals that on February 1, 1971 Mr. Lynch employed the defendant attorney to bring legal proceedings against Mrs. Lynch for separation from bed and board or divorce. He agreed to pay the sum of $1,500 for legal services plus costs, and on that date paid $745 of the agreed charges. The suit for separation was filed and later in the month the attorney wrote letters to two department stores to cancel charge accounts still being used by the wife. Approximately six weeks later Mr. Lynch discharged his attorney.
Mr. Lynch testified: The first interview with the defendant lasted from 35 to 40 minutes, and the second interview later in the month consumed only about 15 minutes of the attorney's time while he dictated short letters to two department stores to cancel charge accounts being used by the wife. The husband and his wife were not so excessively unfriendly so as to require extensive legal services, and the case was finally resolved amicably by another attorney. In his opinion defendant spent only about one hour of his time prior to the discharge.
The defendant testified: His services consisted of massive interviews, the first of three to four hours duration at which time he explained numerous aspects of alimony, property settlement, and divorce law. Mr. Lynch was emotionally involved and wanted to contest every detail. He was a daily visitor at defendant's office, arriving without appointment. In addition, he called defendant's office several times daily and when unable to reach the defendant called his home at night. Defendant drew up the petition for separation, which he personally filed, and consulted with the wife's attorney by telephone relative to alimony for about 20 minutes on one occasion and briefly on a second occasion. He also met with his client at length during the time he drafted the letters explaining again to his client his rights and obligations relative to the community property. He had spent a minimum of twenty hours in connection with the case and Mr. Lynch had been one of his most difficult clients.
A part of defendant's testimony is substantiated by the testimony of Miss Oppenheim, who represented the wife in the separation suit and who stated that, although the matter finally was amicably settled, initially there were items of serious dispute between the husband and wife. In addition, Mr. Lynch himself admitted the defendant reproached him for having to explain the same things over and over, thus effectively confirming Mr. Burglass' contention that he was a difficult client. We also note that defendant's notes on the initial interview contradict Mr. Lynch's testimony that he contemplated an amicable separation.
The employment of an attorney is a mandate, revocable at the client's will;[1] services actually performed are compensated solely in quantum meruit;[2] and the contract provision for compensation in the instant case is not enforceable.[3]
There are many factors which enter into a determination of a reasonable attorney's fee in quantum meruit. While there is no *172 specific formula, and while each case rests on its own facts, generally the considerations are: the extent and nature of the services rendered; the responsibility incurred, including the importance of the litigation; the labor, time and trouble involved; the results achieved; and the legal knowledge, attainments and skill of counsel.[4] Here, principally as a result of Mr. Lynch's attitude, there was much more trouble for his attorney than would ordinarily be expected. Nor is any question raised as to the legal knowledge, attainments and skill of defendant.
Keeping in mind that the question of the value of legal services rendered by an attorney is one coming particularly within the expertise of the trial judge, while we might have allowed defendant the full amount in suit as his fee, we cannot say the trial judge erred in his conclusion.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] LSA-C.C. Art. 2038; Louque v. Dejan, 129 La. 519, 56 So. 427; Cabral v. Heitkamp, 252 So.2d 353; 38 L.R.A.,N.S., 389.
[2] Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 43 A.L.R. 310.
[3] Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108; Cabral v. Heitkamp, supra; Schiro v. Perkins, La.App., 240 So.2d 920; Herman v. Jambois, La.App., 205 So.2d 63.
[4] Herman v. Jambois, supra; In re: Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276; Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51; Henriques v. Vaccaro, 218 La. 1020, 51 So.2d 611.