290 So.2d 449 (1974)
Patrick H. WRIGHT, Jr., Plaintiff-Appellee,
v.
Reginald P. FONTANA, Defendant-Appellant.
No. 12221.
Court of Appeal of Louisiana, Second Circuit.
February 12, 1974.
*450 Kidd, Katz & Halpin by Paul Henry Kidd, Monroe, for defendant-appellant.
Davenport, Files & Kelly by William G. Kelly, Jr., Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
Appellant (defendant and plaintiff in reconvention) appeals from a judgment in accordance with a jury verdict awarding appellee (plaintiff and defendant in reconvention) $1,472.50 as attorney's fees on a quantum meruit basis and rejecting appellant's demands for damages based on alleged malpractice. For the reasons expressed in this opinion, we affirm the judgment of the district court.
Plaintiff, Patrick H. Wright, Jr., a Monroe attorney, brought suit against defendant, Reginald P. Fontana, seeking to recover on a quantum meruit basis attorney's fees allegedly due to him by defendant for services rendered to defendant in connection with two related lawsuits. Essentially, plaintiff alleged he was retained about September 1, 1969, on a contingent fee basis of twenty-five per cent of any amount collected, to represent defendant in rescinding a sale of a tractor made by Ouachita Tractor and Implement Company to defendant on the grounds of redhibitory vices and defects. After negotiations failed, suit was filed on behalf of defendant and the matter proceeded towards trial until on or about October 8, 1970, at which time defendant advised plaintiff he no longer wanted plaintiff to represent him in this matter. Plaintiff alleged he has a right to recover on a quantum meruit basis for thirty-eight and one-half hours spent at $35 per hour and one-half day appearance in court at $125 or a total of $1,472.50. Plaintiff further alleged he was retained by defendant to defend a suit brought by Commercial Credit Equipment Corporation against defendant, on which he spent six hours and charged defendant $100, which he also sought to recover.
Defendant filed exceptions of no right of action and no cause of action. The exception of no right of action was overruled and the exception of no cause of action was referred to the merits.
Defendant filed an answer in the nature of a general denial admitting most of the essential facts alleged in plaintiff's petition, but denying liability for attorney's fees and affirmatively alleging a release was granted by plaintiff upon the defendant's agreement to pay plaintiff's out-of-pocket costs which were subsequently paid by defendant. Defendant filed a reconventional demand against plaintiff seeking recovery of damages in the amount of $130,500 for various acts of alleged malpractice relating to the two suits in which *451 plaintiff represented him. Defendant further alleged that in connection with another suit handled for him by plaintiff, plaintiff failed to make the owner of certain real property a defendant in a suit on a materialmen's lien, resulting in loss to defendant.
On the issues presented by the described pleadings, the case was fully and capably tried before a jury which returned a verdict in favor of plaintiff against defendant for attorney's fees in the amount of $1,472.50, and rejecting defendant's reconventional demands.
On appeal appellant makes the following specification of errors:
"(1) The trial court erred in failing to sustain Fontana's exception of no right of action and no cause of action.
"(2) The trial court erred in failing to find that the contract between Wright and Fontana had been terminated by mutual consent.
"(3) The trial judge prejudicially and adversely interfered with Fontana's right to a fair trial by restricting and interrupting his counsel's closing argument to the jury.
"(4) The trial court erred in failing to find that Wright was negligent in his representation of Fontana in the `Catahoula Construction Company' case."
Applicable Law
The issues raised on appeal must be considered in light of the applicable principles of law.
It is firmly established in Louisiana that a contract between attorney and client is a mandate, revocable by the principal at anytime with or without cause. The contract is at an end upon discharge of the attorney. Such a discharge and revocation by the client entitles the attorney to be compensated for services rendered on the basis of quantum meruit. Where the contract is prematurely terminated by the client, the attorney is entitled to recover even though the contract was for a contingent fee based on the amount recovered. Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949); Kramer v. Graham, 272 So.2d 716 (La.App. 3d Cir. 1973); Cabral v. Heitkamp, 252 So.2d 353 (La. App. 4th Cir. 1971); Schiro v. Perkins, 240 So.2d 920 (La.App. 4th Cir. 1970), writ denied 257 La. 458, 242 So.2d 578 (1971); Woodley v. Robinson, 100 So.2d 255 (La. App. 2d Cir. 1958).
Exceptions Of No Right Of Action And No Cause of Action
Defendant's exception of no right of action was based on allegations that plaintiff voluntarily released defendant from the contingency fee contract on the basis of defendant's agreement to pay out-of-pocket costs which were paid and that plaintiff voluntarily dismissed himself as counsel. The grounds alleged obviously have no relationship to the interest of plaintiff in the subject matter sued on. Plaintiff is clearly the party in interest to bring the suit and the exception of no right of action was correctly overruled.
The exception of no cause of action is based on grounds that plaintiff failed to allege he advised defendant that defendant would be responsible for a fee on a quantum meruit basis or that defendant agreed to pay plaintiff such a fee. The allegations of plaintiff's petition are sufficient to state a cause of action for attorney's fees based on quantum meruit. In order to recover on quantum meruit, it is not necessary that an attorney who is discharged advise his client at the time of discharge that a fee will be charged, nor is it necessary that the client agree at that time to a fee. The exception of no cause of action is without merit.
*452 Termination Of The Relationship
Appellant contends the attorney-client relationship between plaintiff and defendant was terminated by mutual consent and, therefore, plaintiff is not entitled to recover for services rendered on a quantum meruit basis. Appellant contends plaintiff waived or released any claim for fees he had by agreeing to accept payment for court costs advanced by plaintiff.
There was considerable testimony concerning the progress of the litigation, the work done by plaintiff, extensive negotiations and efforts toward settlement, disappointment that a settlement could not be concluded, and finally a break-down in the relationship between plaintiff and defendant.
Plaintiff testified defendant advised him he had retained another lawyer and he no longer wanted plaintiff to represent him. Plaintiff did concede that at the time this took place, both he and defendant were disgusted with the progress of the litigation and their relationship. Defendant testified he thought they were both mutually agreed that it was just going to end and defendant would go his way and plaintiff would go his way. Defendant's father who was in on many of the discussions about the case testified that after one particularly heated discussion with plaintiff he advised his son to discharge him.
At the time the relationship was terminated and defendant's file was delivered to him, there was discussion of payment of court costs advanced by plaintiff in the amount of $181.08. In early November, plaintiff wrote defendant's present counsel advising him of the amount of court costs due. Counsel sent plaintiff a check in payment. In early December, plaintiff sent defendant a bill for "time spent". Payment was not made and this suit ensued.
Our independent review of the evidence leads us to the conclusion that defendant unilaterally discharged plaintiff as his attorney. In any event, there is ample evidence in the record from which the jury could reasonably have reached this conclusion.
We further conclude there was no waiver or release of plaintiff's quantum meruit claim for services rendered. By immediately insisting on payment for out-of-pocket court costs advanced and accepting payment for this item, plaintiff did not indicate any intention of waiving or releasing his claim for services.
It should be noted at this point that appellant does not contend on appeal that substantial services were not rendered and does not raise any issue as to the value of these services if plaintiff is entitled to recover.
Closing Argument To The Jury
Appellant contends the trial judge prejudicially and adversely interfered with appellant's right to a fair trial by restricting and interpreting counsel's closing argument to the jury.
The record reflects a procedure was established prior to closing argument by the trial judge whereby the arguments on the several issues would be presented in a certain order. During closing argument by counsel for appellant on the issue of recovery of attorney's fees, counsel for appellee objected that appellant's counsel was going into other issues. The court commented:
"well I am not going to stop you at this point, but I am cautioning you don't go into the other issue because we have decided an orderly procedure and I intend to see that we stick to it."
After some explanatory comments by counsel for appellant as to what he was trying to do, the court further stated:
"Do your best Mr. Kidd, and if I feel that you are in bad faith, I'll stop you."
*453 Counsel was again interrupted by an objection by appellee's counsel as to the relevance of his argument. After some discussion at the bench the court ruled:
"Let the record note that the argument that Mr. Kidd was pursuing is in the Court's opinion not related to the attorneys fee issue and has instructed him to drop that line of argument and move on to his next point with regard to attorneys fees. The Court is not accusing Mr. Kidd of bad faith but apparently there is a disagreement between the Court and Mr. Kidd as to that relating to attorneys fees and after Mr. Kidd has explained it to me, I still fail to see the connection so I am going to order him to discontinue that line of argument and ask him to go forward with his next point in his argument on attorneys fees, and I see that we have stopped the clock for approximately 9 minutes during that exchange and I will not penalize you for the 9 minutes, so you may start again and you have approximately 11 minutes to go on your argument on attorneys fees Mr. Kidd."
Appellant contends the actions of the trial judge amounted to a comment on the facts and influenced the jury to the conclusion that counsel was in bad faith in violation of LSA-C.C.P. Art. 1792 which provides that a judge shall not "comment upon the evidence so as to exercise any influence upon their decision as to the facts". We find nothing improper or prejudicial about the judge's remarks. Nothing said by him could be construed as a comment on the facts or as influencing the decision of the jury as to the facts. His remarks were in keeping with his authority to govern the procedural course of the trial, were temperate, and were without prejudice to the rights of appellant before the jury.
Catahoula Construction Company Case
On appeal, appellant has apparently abandoned all claims of fault or negligence on the part of plaintiff except in connection with the handling of the Catahoula Construction Company case.
On May 5, 1970, plaintiff filed on behalf of defendant a materialmen's privilege affecting certain property owned by Park Manor Country Club, Inc. for labor performed and materials sold to Catahoula Construction Company, Inc. Thereafter plaintiff filed suit for defendant against Catahoula Construction Company, Inc. for recognition of the privilege and obtained a judgment on September 10, 1970. Park Manor was not made a defendant in the suit. Under LSA-R.S. 9:4802 and 9:4812 a claimant has a period of one year from the date the privilege is recorded within which to bring a civil action against the owner to enforce the privilege, otherwise the privilege is lost. Appellant contends plaintiff was negligent in failing to name Park Manor as a defendant in the suit, thereby losing his privilege rights and resulting in a loss equal to the amount of the privilege, that is, $593.50.
The evidence shows that subsequent to his discharge as appellant's attorney, plaintiff advised appellant verbally of his error in not naming the landowner in the suit and advised appellant to talk to his present attorney about it. In February, 1971, some three months prior to the time the one-year period would expire, plaintiff wrote appellant's present attorney a detailed letter admitting the mistake but pointing out it could be corrected and the lien preserved by filing suit against Park Manor. Apparently no suit was ever filed.
Plaintiff's failure to name Park Manor in the suit was a mistake or oversight, but could have been corrected. However, the mistake caused no damage to defendant. The time for filing suit against the owner and preserving the lien had not expired when the matter was clearly presented to defendant and defendant's attorney. Defendant has proved no damages suffered *454 by reason of these circumstances and is not entitled to recover.
For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.
Affirmed.