328 So.2d 775 (1976)
Wilson Callender KREBS
v.
BAILEY'S EQUIPMENT RENTALS, INC.
No. 10607.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
*776 Wilson C. Krebs, Patterson, for appellant.
Robert S. Robertson, Morgan City, for appellee.
Before SARTAIN, EDWARDS and BENNETTE, JJ.
BENNETT, Judge.
This is a suit by an attorney seeking compensation on a quantum meruit basis for legal services performed for a client.
During early 1971 Mr. C. D. Bailey, President of Bailey Equipment Rentals, Inc., began utilizing the services of Mr. Wilson C. Krebs, Attorney, for the collection of open accounts and certain other legal work on behalf of his company. The collection work was done on a contingency fee basis with Mr. Krebs usually receiving one-third of the amounts collected.
In September of 1974, Mr. Bailey terminated his relationship with Mr. Krebs and requested that his files be sent to another attorney. Shortly thereafter, Mr. Krebs billed Bailey Equipment Rental for work done on a number of files including those involving collection of open accounts. Mr. Bailey refused to pay and this lawsuit was commenced.
*777 The plaintiff alleged that Two Thousand Eight Hundred Ten and no/100 Dollars was due for work done on the following described matters:
1. B  D Welders: A collection matter for which One Hundred and
 Fifty Dollars was billed.
2. Triple "H" Valve Service[1]: A matter involving preparation and
 execution of a note for which Two
 Hundred Dollars was billed.
3. F  H Oilfield Service: A collection matter for which Three
 Hundred Dollars was billed.
4. Delta Marine Engineering: A collection matter for which One
 Hundred Fifty Dollars was billed.
5. Action Divers, Inc: A collection matter for which Seven Hundred
 Fifty Dollars was billed.
6. Gulf Engine and Equipment, Inc.: This was a suit against Bailey
 Equipment Rentals, Inc. and
 One Thousand Two Hundred
 Sixty Dollars was demanded
 for efforts in defense thereof.
After trial the Court awarded Three Hundred Dollars in connection with the Gulf Engine and Equipment case and rejected the other demands of plaintiff. He appeals from that judgment.
The appellant contends the trial court erred in two respects:
1. By failing to grant recovery on a quantum meruit basis for legal services performed in connection with collection of the open accounts; and
2. By only awarding Three Hundred Dollars for work alone on the Gulf Engine and Equipment Case.
Evidence adduced at trial established that the collection work alone by Mr. Krebs for Bailey Equipment Rentals, Inc. was performed on a contingency basis with the attorney being compensated only if an amount was collected. Mr. Krebs usually received one-third of the amount collected as his fee.
We find that under the free arrangement between the parties any and all amounts due and owing for legal services with respect to the B & D Welders account and the Action Divers, Inc., account were paid and have been satisfied.
The evidence clearly establishes that the entire sum demanded from B & D Welders was paid and that the attorney received one-third of that amount long before termination of the relationship between the parties.
The evidence also establishes that approximately Fifteen Hundred Dollars was collected from Action Divers, Inc., and that Mr. Krebs received one-third of that amount promptly after payment by the debtor.
The demands of appellant with regard to work performed on the F & H Oilfield Service and Delta Marine Engineering accounts present a more difficult question. Suit was filed against F & H Oilfield Service in 1969 by counsel other than Mr. Krebs. Mr. Krebs entered the case on June 1, 1971 and obtained an uncontested judgment against F & H on May 3, 1972. *778 The evidence indicates F & H is and was a corporation without apparent assets and that subsequent to obtaining the judgment no effort was made to seek out assets. This matter has laid dormant since May of 1972.
The effort to collect from Delta Marine Engineering was initiated by Mr. Krebs in December of 1971. When the debtor failed to respond to amicable demand Mr. Krebs sent the file to an attorney local to the debtor in February, 1972 to effect collection. At the time of trial of this matter nothing had been collected from Delta.
It is firmly established that a client may revoke a contingency fee contract with an attorney at any time and that upon such revocation the attorney is reduced to recovery on quantum meruit for services rendered. Louque v. Dejan, 129 La. 519, 56 So. 427 (1911); Succession of Carbajal, 139 La. 481, 71 So. 774 (1916); Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949); Wright v. Fontana, 290 So.2d 449 (La.App.2d Cir. 1974); Inman v. Gonzales, 89 So.2d 914 (La.App.1st Cir. 1956). As the Court said in Wright v. Fontana, supra at 451,
"Where the contract is prematurely terminated by the client, the attorney is entitled to recover even though the contract was for a contingent fee based on the amount recovered." (Emphasis added)
The use of "prematurely" in the formulation quoted above is crucial. Our research has failed to disclose any jurisprudence supporting the proposition that discharge of an attorney employed under a contingent fee contract after he has been given a reasonable opportunity to fulfill the contract and has failed to do so gives rise to recovery upon a theory of quantum meruit where at the time of bringing of the action the client has recovered nothing from the debtor. The sense of the jurisprudence as we appreciate it is that premature discharge of an attorney which deprives him of a reasonable opportunity to fulfill the contract entitles him to reasonable compensation for his services. Wright v. Fontana, supra; Inman v. Gonzales, supra. cf. United Gas Public Service Co. v. Christian, 186 La. 689, 173 So. 174 (1937). Also, discharge of an attorney even after he has had a reasonable opportunity to fulfill the contract and has failed to do so entitles him to reasonable compensation after recovery by the client where the services rendered contribute to the recovery. See Succession of Payne, 155 La. 177, 99 So. 29 (1923). Cf. Rousseau v. Marionneaux, 28 La.Ann. 293 (1896).
Under the circumstances we cannot say discharge of Mr. Krebs with respect to the Delta Marine and F & H accounts was premature. He was given a reasonable opportunity to effectuate collection of the accounts. Thus, he is not entitled to compensation for his efforts unless and until payment is made to Bailey Equipment Rentals by the debtors.
Mr. Krebs during his employment by Bailey Equipment Rental, Inc. undertook defense of a suit by Gulf Engine and Equipment, Inc., against the company. On June 5, 1974 he tendered a written bill in the amount of Three Hundred Dollars for work done on the case stating, ". . . for services rendered to date on this case." This bill was not paid.
On October 15, 1974, shortly after he was discharged by Mr. Bailey, Mr. Krebs tendered a bill on the same matter in the amount of Twelve Hundred Sixty Dollars. At trial the appellant testified that he performed no work on the case after June 5, 1974 except to file a motion to withdraw as counsel in September of 1974.
The trial court awarded Mr. Krebs the amount of the original bill. He contests that ruling arguing that it was an interim bill which did not reflect all of the services *779 rendered prior to June 5, 1974, being submitted only to soften the impact of the final bill, and that his services should be evaluated and compensated on a quantum meruit basis.
We do not agree with appellant's contention. It is true that the bill was an interim bill in the sense it was submitted during the course of an ongoing lawsuit during which additional services could reasonably be expected to be rendered after the date of the billing. However, the statement purports to be for all services prior to its date. It is a final bill for all services rendered in connection with the Gulf Engine and Equipment case prior to June 5, 1974.
We find the case of Guerriero v. Davidson, 229 La. 664, 86 So.2d 526 (1956), to be dispositive of this issue. At pages 527, 528 of the opinion in that case the Court said:
"But, apart from this plaintiff could not recover more than $1,000 on a quantum meruit basis since that was the value he placed on his own work . . . It has been held that, when an attorney sends a bill to his client for services rendered, he is concluded as to the value of his services in the absence of a showing of error special conditions respecting prompt payment and the like. Succession of Flower, 3 La.Ann. 292 and Carey v. Sentell, La.App., 64 So.2d 451, certiorari denied June 1st 1953."
The appellant does not contend that error was made in compiling the bill sent on June 5, 1974. Rather it is now contended that the bill was deliberately incomplete despite the statement in the bill to the contrary. We find the appellant was bound by his written bill and is not entitled to more than the amount of the bill. The ruling of the trial court was correct.
For the reasons assigned the judgment rendered by the Court below is AFFIRMED, at Appellant's cost.
AFFIRMED.
NOTES
[1] The trial court held that this fee had prescribed. Appellant conceded the correctness of that ruling at argument. Hence, this claim is not at issue in this appeal.