BEER, Judge.
Doris Ann Scott, individually and on behalf of her minor child, Lionel Bell, sought to prosecute a tort claim and, accordingly, entered into a contingent fee contract with attorney-intervenor E. Howard McCaleb, III. That contract provided, in part:
“In consideration of services rendered or to be rendered, I hereby assign to my said attorney an undivided 3314% interest in and to said claim if it is to be resolved that the claim is one for damages.
It is understood and agreed that neither I nor my said attorney may settle, compromise or dismiss or in any way discontinue *88 my claim without the written consent of the other.”
The record shows that intervenor proceeded, timely, to file this suit, depose the treating physician, prepare pre-trial orders, and otherwise proceed with this litigation until he was discharged by Scott prior to trial. Melvin Ripp, Jr., attorney at law, became counsel of record and McCaleb sought to protect his one-third contingent interest in the litigation by filing the contract referred to above as well as a petition in intervention, all in compliance with La. R.S. 37:218. By amended and supplemental petition of intervention, McCaleb alleged that since the filing of his original petition for intervention, the Scott claim had been settled for $3,000 without his written consent. Also in this amended pleading he sought, alternatively, an award in quantum meruit for services rendered. At the trial of the intervention, it became apparent that an agreement to settle for $3,000 (out of which medical expenses were to be paid to intervenor Charity Hospital) had been reached, but that the funds had not yet been disbursed.
The trial court then concluded that McCaleb’s recovery was limited to quantum meruit and awarded him $350. He appeals.
Wright v. Fontana, 290 So.2d 449 (La.App. 2nd Cir. 1974); Kramer v. Graham, 272 So.2d 716 (La.App. 3rd Cir. 1973), and Cabral v. Heitkamp, 252 So.2d 353 (La.App. 4th Cir. 1971), all involved an attorney who had been dismissed and was, thereafter, obliged to proceed in quantum meruit notwithstanding the contingent fee contract. The basis for these holdings was the unrestricted acceptance of the premise that a contract between attorney and client is a mandate revocable by the principal at any time with or without cause and that the contract, therefore, is at an end the moment that the attorney is, for whatever reason, discharged. See, La.Civ.Code art. 3028. Those eases, however, do not squarely deal with the issue at hand for none involves a contingent fee contract filed and recorded in compliance with La.R.S. 37:218.
In Smith v. Westside Transit Lines, Inc., 313 So.2d 371 (La.App. 4th Cir. 1975), writ refused, La., 318 So.2d 43 (quoting from Carlson v. Nopal Lines, 460 F.2d 1209 (5th Cir. 1972)[1]), we observed:
“ ‘. . . A client may discharge his attorney, even a contingent fee attorney, and the attorney may not then insist that the attorney-client relationship continues after discharge. But the power to discharge, and the fact of discharge, are not determinative of the discharged attorney’s rights under a Louisiana statutory contingent fee contract. The lawyer’s rights under such a contract turn at least in part on whether the lawyer’s performance gives the client good cause for dismissal or whether the dismissal frustrates what had been satisfactory performance of the attorney’s obligations.’ ”
Although in Smith the lawyer had competently and diligently served his client, cause for dismissal was found, and Smith’s attorney was relegated to a quantum meruit recovery. Though it is also noted that the attorney had not complied with the provisions of R.S. 37:218, a careful reading of that case indicates that compliance with the statute would simply have served as a lien against the proceeds and non-compliance was not the basic reason for non-enforcement of the contingent fee contract.
Then, in Saucier v. Hayes Dairy Products, Inc., et al., 353 So.2d 732 (La.App. 4th Cir. 1977), we stated:
“Recent cases have implied, but did not hold, that irrespective of compliance with the provisions of R.S. 37:218 the attorney-client relationship is a mandate revocable at the discretion of the client pursuant to Civil Code Article 3028. However, research into the application of this statute by the courts of Louisiana shows that a contract which is drawn in total compliance with this statute will be enforced if the attorney has performed his obliga *89 tions thereunder in a satisfactory manner. (Emphasis ours.)”
In Saucier, we also observed that an important condition for enforcement of a contract drawn in strict conformity with R.S. 37:218 is that the attorney perform his services as contracted. We construed the jurisprudence to be that an attorney-client contingent fee contract drawn and executed in strict compliance with R.S. 37:218 may not be terminated at the will of the client in the absence of cause and went on to note that such contracts should be enforced even when performance has not been complete in cases where the client has made completion of performance impossible. Thus, if an attorney had a valid contingent fee contract executed pursuant to R.S. 37:218 and competently performed his duties thereunder but his full compliance with those contractual duties is prevented because he is discharged without good cause, the attorney is entitled to his contractually provided for contingent fee.
Accordingly, we are of the view that the compromise entered into in this case is inhibited by McCaleb’s compliance with La. R.S. 37:218 and that such compliance suspends the settlement until there is recognition and payment of the attorney’s claim.
We are also of the view that McCaleb is entitled to a day in court in order that he might prove — if indeed he can — that he has performed all of his obligations under the contract in a satisfactory manner and has only been prevented from fulfilling same because of being discharged without good cause. If he carries this burden, then he is entitled to'the full contingent fee as provided for in the contract — even though he has been discharged prior to the successful termination of the litigation. Otherwise, he can proceed only in quantum meruit, but, even in that instance, he must be given an opportunity to prove the extent of services rendered, costs incurred, etc.
Accordingly, this case must be remanded to the Honorable Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings consistent with the views expressed herein. The costs of this appeal are to be borne by the appellee.

REMANDED.

. In Carlson v. Nopal Lines, supra, the U. S. Fifth Circuit remanded the case for a determination of whether there was good cause for dismissal of the attorney, and left open the possibility of full recovery of the contingent fee.