WARREN *vs.* HALL'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

A judgment obtained in another state, when it appears the party against whom it was rendered was never cited or served with process, and did not otherwise appear, is not to be deemed valid in this.

Even when the record recites that the parties appeared by their attorneys in a suit in chancery in another state, the record and decree are insufficient evidence of the demand in this, when it is shown there were other parties; and when the decree expressly states, the *defendant* (who is a non-resident,) had wholly failed to enter his appearance agreeably to law and the rules of court, notwithstanding publication of notice to do so, and the complainant's bills were, therefore, taken as *confessed.*

This court is not prepared to say that a judgment rendered against the heirs for a debt of the ancestor, is conclusive upon the executor.

This is an action founded on a judgment or decree of a Court of Chancery in the state of Kentucky, for the sum of one thousand five hundred and thirty-five dollars and fifty-two cents, rendered against the executor of John Hall, deceased, who was at the time exercising his functions in, and was a resident of Louisiana.

The plaintiff expressly alleges, that the succession of said Hall owes him the sum claimed, which is evidenced by a judgment of the Circuit Court of Scott County, Kentucky, and that the executor thereof has filed a tableau of distribution in the Probate Court for the parish of Rapides, and has failed to place his claim on it as a debt due by the succession; wherefore he makes opposition to the homologation of said tableau, and prays judgment amending it, and for the amount of his claim.

The defendant pleaded a general denial, and averred, that the record and judgment produced as the basis of the

48

plaintiff's claim, has not the force of the thing adjudged against the succession he administers.

He further showed, that the obligation on which the judgment purports to be founded, was given by the deceased to the estate of his father, John Hall, senior, of whom he was heir at law; that this obligation cannot be enforced until a partition of the estate of John Hall, deceased, is made, as one heir cannot be compelled to pay a balance to another, until a final settlement and partition is had.

Upon these pleadings and issues the parties went to trial.

The record of the suit and decree in chancery was offered and received as evidence of the plaintiff's demand, notwithstanding the defendant's objections taken thereto. It appeared that when the chancery suit was instituted in Kentucky, in 1828, John Hall, now deceased, was there, and served with a subpœna in chancery. He appeared by counsel, and filed an answer and cross bill. In 1829 the plaintiff filed an amended bill in chancery, and in which he alleges John Hall is a transient person, residing sometimes in Kentucky, and at others in Louisiana, and prays for an injunction against his co-defendant, M'Gruder. The subpoena in chancery was returned executed as to M'Gruder and Hall "*not found.*" In 1830 it was suggested, that John Hall died in Louisiana, and ordered by the court that "this cause abate as to him." A bill of revivor was then filed, reviving the suit against Charles Mulhollan, executor of John Hall, deceased, &c., and it appearing to the satisfaction of the court that C. Mulhollan is no inhabitant of the state, (Kentucky,) and having failed to enter his appearance herein, agreeable to law and the rules of the court, *ordered*, that unless he appear *here* on or before the first day of the next term, and answer the complainant's bill herein, the same shall be taken as confessed, &c. This order was advertised according to the laws of Kentucky. The heirs of John Hall were made defendants, and residing in Kentucky, were served with process.

On the 10th June, 1831, the minutes of the court state : "this day came the parties by their counsel, and by consent the cause was submitted for a decree, &c."

"June 18, 1831." " This day came, on the above cause, to be heard on the bill, amended bill, bill of revivor, answer of the guardian *ad litem* of J. Hall, junior, and the exhibits," and the court rendered the following decree : It appearing to the satisfaction of the court that the order of publication herein against the defendant, Mulhollan, as executor of John Hall, deceased, has been duly executed, and that although process has been served upon all of the defendants, they all, except John Hall, junior, as also said Mulhollan, executor as aforesaid, have wholly failed to enter their appearance herein, agreeably to law and the rules of this court; it is, therefore, ordered, adjudged and decreed, that said bills be taken for confessed, &c. Decree entered against executor for the sum claimed, to be paid out of any assets of the estate of John Hall, deceased, in his hands, &c.

Upon this evidence the cause was mainly decided.

The plaintiff had judgment for the amount of his claim against the executor, to be paid out of Hall's estate. The executor appealed.

*Dunbar* and *Winn*, for the plaintiff, contended, that the record and decree of the Chancery Court of Kentucky was conclusive evidence of the plaintiff's demand, and the judgment of the Court of Probates was correct in receiving it as such.

2. It is urged that it is not conclusive, because the executor of John Hall, deceased, was not served with process, and could not be, as he resided in this state. The proceeding in chancery appears to have been commenced before the death of Hall, and afterwards revived against his executor. The decree states, and it is so entered on the record, that the parties *appeared by their attorneys ;* consequently the defendant was represented, and appeared by counsel.

3. If the forms of law in Kentucky have been pursued, and counsel appeared for all the parties, the judgment or

decree obtained there against Hall's executor, cannot be inquired into here, unless it be impeached as fraudulent, &c. 1 *Starkie on Evidence*, 215–16, and the *notes*.

4. It is unnecessary that counsel should have appeared by actually filing pleas, &c. It is sufficient, if it appears from the minutes of the court, that the party was represented by counsel. The mode of pleading differs in the different states, and, in some cases, a plea is put in *ore tenus*. *Starkie on Evidence*, 215.

*Judge Boyce,* for the defendant.

1. The record and decree from Kentucky can have no effect here. It shows on its face, that John Hall, deceased, had first appeared and filed a cross bill, but that all proceedings had been discontinued as to him, and this is an attempt to revive it against his executor, who never did appear, either in person or by counsel.

2. The executor deriving his authority as such here, could not be sued in a foreign jurisdiction. But even if he could, he never was cited or appeared. It is admitted, and shown in the record, that the only notice ever given was publications in a newspaper in Kentucky, calling on him to appear and answer. This he never saw ; and the first intelligence he had, was the record and decree now sued on.

3. It is a universal rule, that a judgment rendered in another state must be considered as a foreign judgment, except as to the manner of proving it, and is only *primâ facie* evidence of the debt. But this principle is predicated on the fact that the party was cited, had notice, or had actually appeared ; for it is expressly decided, that a judgment by attachment in another state, or a proceeding *in rem*, when the party is out of its jurisdiction, is not even *primâ facie* evidence. Such a judgment or decree is *per se* of no effect. 13 *Johnson,* 192, 205 *et seq.*

4. Judgment was erroneously given for the plaintiff in this case, as there was no other evidence to support the demand, but the decree of the Chancery Court of Kentucky. It ought, therefore, to be reversed.

*Bullard, J.,* delivered the opinion of the court.

The appellee in this case filed an opposition to the tableau of distribution presented by the defendant and appellant, as executor of the last will of John Hall, deceased, on the ground that the executor had omitted to place him on the tableau as a creditor of the estate. The opposition filed, sets forth other grounds not necessary now to notice. He alleges that he is a creditor of the estate, as evidenced by a judgment rendered in his favor against the executor, in the Circuit Court of Scott County, in the commonwealth of Kentucky.

The defendant, after setting up an exception to the mode of proceedings, by way of opposition to the tableau, which has not been noticed in the argument, answered, by denying that the judgment in question has the authority of the thing adjudged against him, or against the estate administered by him. He further alleges, that if any such obligation as that declared on in the Court of Kentucky ever existed, it was extinguished by confusion, John Hall, the obligor, being heir of John Hall, senior, for the benefit of whose estate it was contracted; that the payment of no part of that obligation could be coerced, until after a partition of the estate of John Hall, senior; and, finally, that if any sum was ever due, the action is barred by prescription.

The principal question which has been discussed in this court, is, whether the judgment in the court of Kentucky be conclusive upon the defendant as a party to those proceedings. This court has recently recognized the well settled doctrine, that a judgment rendered in another state is not conclusive evidence against the defendant, unless it appear that he had been served with process, or had otherwise appeared. Without such service or appearance the judgment is not to be deemed valid. *Patterson* vs. *Mayfield's curator, ante* 220. 1 *Kent's Commentaries,* 261, *and Notes.*

This question must be settled by inspection of the transcript adduced as evidence in the cause. From this record it appears that the defendant is a citizen of Louisiana;

WESTERN DIST.
'October', 1836.

WARREN
vs.
HALL'S EX'R.

A judgment obtained in another state, when it appears the party against whom it was rendered was never cited or served with process, and did not otherwise appear, is not to be deemed valid in this.

WESTERN DIST.
*October*, 1836.

WARREN
*vs.*
HALL'S EX'R.

Even when the record recites that the parties appeared by their attorneys in a suit in chancery of another state, the record and decree are insufficient evidence of the demand in this, when it is shown there were other parties, and when the decree expressly states the *defendant* (who is a non-resident) had wholly failed to enter his appearance agreeably to law and the rules of court, notwithstanding publication of notice to do so, and the complainant's bills were therefore taken as *confessed*.

that no personal service of process was ever made on him, and that he filed no answer to the·bill in chancery. Publications appear to have been made in a newspaper published in Kentucky, but, it is not shown, that the defendant had any knowledge of them.

It has been contended, that the statement on the records of the court, that the parties appeared by their attorneys, is sufficient to show that the defendant appeared. Whatever weight we might think such a recital entitled to, if there were no other parties but the one now before the court, we are of opinion that it is entitled to little consideration, when it appears by the record, that there were other parties who had answered to the bill, and were regularly before the court. But the decree pronounced in the case repels any presumption which arises from the above statement. The court say, that notwithstanding the publication of notices, the defendant, Mulhollan, executor of J. Hall, deceased, had wholly failed to enter his appearance, agreeably to law and the rules of the court. The bill, amended bill, and bill of revivors, were therefore taken as confessed against all the parties who had failed to appear and answer.

It has been further contended by the appellee, that the judgment recovered in Kentucky against the heirs of the defendant's testator, who were duly cited, was against them for a debt of the ancestor, and therefore was a good and valid claim against his succession, and could not be opposed by the executor.

This court is not prepared to say, that a judgment rendered against the heirs for a debt of the ancestor, is conclusive upon the executor.·

We are not prepared to·say, that a judgment rendered against the heirs for a debt of the ancestor, is conclusive upon the executor. If this were true, without restriction, it would be in the power of heirs, by collusion with pretended creditors, to defeat the payment of debts justly due, and the distribution of the assets, according to a tableau which the Court of Probates alone has authority to sanction. In presenting a tableau, the executor represents all the creditors named in it, and it will not be pretended that such a judgment is conclusive against other creditors. But even if a final judgment, pronounced by a court having jurisdiction,

were conclusive against the executor and other creditors, it appears to us, that the judgment or decree pronounced in the court of Kentucky is not shown on the face of the record to be final, even against the parties. In' the concluding part of the decree, the court says: "but by consent of the complainant, leave is given the defendants, at the next term of this court, to show cause, if any they can, to set aside this decree, and the court reserves to itself full power, upon cause being shown at next term, to set aside this decree." The decree appears to have been pronounced on the 18th of June, 1831, and on the 28th of the same month, ten days after its rendition, the transcript in the record was made out and certified by the clerk. It is clear, that at the time the copy was furnished, something more was required to be done, before the decree could have any effect, and it was still under the control of the court as' a judgment *nisi.*

We are therefore of opinion, that the Court of Probates erred, in sustaining the opposition, and directing the claim of the plaintiff to be placed on the tableau.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, the opposition rejected, and that the opponent and appellee pay the costs of both courts.