### Abraham Van Wyck v. Horatio W. Hills.

Where one who certifies the transcript of a judgment from another state, styles himself in the body of the certificate, the clerk of the court, and signs it as such, all of which is attested by the seal of the court and the certificate of the Chief Justice or Presiding Magistrate, no further evidence will be necessary to establish his official capacity.

Where the laws of another state which should govern the case, are not in evidence, our own must prevail.

In joint actions all the debtors must be sued, and must remain in court till the end of the suit; and the judgment must be against each for his virile portion.

Appeal from the District Court of the First District, *Buchanan*, J.

*J. Claiborne*, for the plaintiff.

*G. & H. H. Strawbridge*, for the appellant.

Martin, J.   The defendant is appellant from a judgment sustaining an order of seizure and sale, obtained on a judgment of a court of the State of Tennessee.   It was attempted to be set aside on the following grounds:

1st. That nothing shows the official capacity of the clerk attesting the transcript.   Citing 18 La. 59.

2d. Nor that of the Magistrate or Judge, who attests the clerk's official capacity and that his certificate is in due form of law. Citing 2 Mart. N. S. 377, 10 La. 377.

3d. That the defendant was discharged by a *remittitur* to his co-defendant in Tennessee.

4th. That the judgment is not *in solido*, and cannot be executed or enforced against one defendant only.

The official capacity of the person who certifies the transcript, is proved by his taking the style of clerk of the court in the body of the certificate, subscribing it as such, all which is attested by the seal of the court, and the Chief Justice or Presiding Magistrate. Thomas Mancy who attests the clerk's capacity and that his certificate is in due form of law, styles himself, " one of the Circuit " Judges of the State of Tennessee, and assigned to hold the Cir- " cuit Courts in the sixth Judicial Circuit, and sitting and holding " said Circuit Courts for the County of Davidson, at the Court

"House in Nashville, in said Circuit." The Judge, therefore, informs us by his certificate, and the transcript shows, that he is sole Judge of the Court which rendered the judgment, and consequently the Chief Justice or Presiding Magistrate thereof. It does not appear that there was a *remittitur* against Larkin F. Wood, who was one of the three original defendants ; but a mere entry that the plaintiff did not intend farther to prosecute the suit against him. The Sheriff's return shows that he had never been served with any process, as he could not be found. The record shows that the present defendant, and his then co-defendant, were sued as merchants and partners in trade ; that they pleaded payment only, and that there was a verdict and judgment against them. It is contended that the judgment is a joint one only, not one *in solido*. As the laws of Tennessee are not in evidence in this case, we must test the nature of the judgment by the laws of this State. According to these, the judgment is not a joint one, for there were three obligors sued. The action was dismissed as to one of them. In joint actions all the debtors must be sued, and must remain in court till the end of the suit. *Thompson* v. *Chrétien et al.*, determined at Opelousas, September, 1842. 3 Robinson, 26.

The petition shows that the suit was brought on a mercantile contract, entered into by a firm composed of three persons ; that one of them could not be found ; and that the action proceeded against the other two. They did not deny the contract, but relied on a plea of payment, which was found against them ; and a jury found a verdict for a balance in favor of the plaintiff. Testing, therefore, the judgment by the pleadings, we cannot view it as a joint one ; for in such a judgment each defendant must be condemned to pay his *virile part*. The judgment therefore was properly treated below as one *in solido*, being on a mercantile contract. *Melançon's Heirs* v. *Duhamel*, 3 Mart. N. S. 7.

<em>Judgment affirmed.</em>