## HAGERDORN v. KLOTZ et al.

### No. 1922.

Court of Appeal of Louisiana.
First Circuit.

Jan. 11, 1939.

Pugh & Lanier, of Thibodaux, for appellant.

Lehman K. Preis, of New Orleans, for appellee.

DORE, Judge.

Plaintiff alleges in his petition that Edmond Klotz, Dr. S. Paul Klotz and the heirs of Mrs. Denis Klotz Winkler are jointly indebted unto him in the sum of $673.24 for various amounts paid by him for said defendants in redeeming certain property owned by them from a tax sale, for taxes paid on the property, for attorneys fees in having the heirs recognized and in bringing suit to recover for timber cut on the lands, and for other items of expense in connection with the suits to recover for the timber cut on the lands. The prayer of the petition is that plaintiff have judgment against the defendants for the above amount.

The petition alleges that Dr. S. Paul Klotz and the heirs of Mrs. Denis Klotz Winkler are non-residents of the State; and a curator ad hoc was asked for and appointed to represent them. Citation was served on the resident defendant, Edmond Klotz, and the other defendants were cited through their curator. No appearance was made by any of the defendants, and no answer was filed by the curator for the absentees. A judgment by default was rendered on June 15, 1936, in favor of plaintiff and against Edmond Klotz, Dr. S. Paul Klotz and the heirs of Mrs. Denis, Klotz Winkler for the amount sued for. The judgment does not state whether or not it is a joint judgment against the defendants.

In the early part of January, 1937, a writ of execution was issued on this judgment, and the interests of the defendants in certain lands in the parish were seized and advertised for sale. Edmond Klotz filed a petition to enjoin the sale on the ground that said judgment was null and void for the reason that the purported claim of the plaintiff was a joint one and that neither in the petition nor in the judgment were the names and number of the heirs of Mrs. Winkler given, and for that reason it is impossible to determine for what portion of the judgment each defendant is jointly liable. A restraining order and a rule for a preliminary injunction were issued, but no further action seems to have been taken on the rule.

■ The said Edmond Klotz, defendant, secured and perfected a devolutive appeal to this court; in this court, he has filed a plea of five years' prescription against the claim of plaintiff. We are, therefore, only concerned as to defendant-appellant Edmond Klotz.

■ The first question before us is the plea of prescription of five years. No reference is made of this plea by appellant in his brief. In any event, the plea is not well taken for the reason that the claim is for money advanced to defendant and his co-defendants for the paying of certain obligations relative to the real property, and, in accordance with the petition, the action is a personal one controlled by the prescription of ten years under Article 3544 of the Civil Code as we recently held in the case of Johnson v. Henry Hall et al., 185 So. 64, not yet reported [in State Reports]. The plea, therefore, is overruled.

■ The next question before us is the legality of the judgment rendered against this defendant by default. According to plaintiff's original petition, his claim against the defendants is a joint one. Civil Code, Art. 2086, provides that in a. suit on a joint obligation, judgment must be rendered against each defendant separately for his proportion of the debt. The proportion meant by that article is calculated by the number of the obligors, each one answering for an equal. part, unless the parties have expressed a different intention.

■ There was nothing to prevent the plaintiff from suing this defendant, Edmond Klotz, separately for his proportion of the debt as there is nothing to prevent the creditor from suing joint obligors separately since the enactment of Act No. 103 of 1870, Ex.Sess., § 2, found in Acts of 1871, p. 18. See Mitchell, Tutrix v. D'-Armond, 30 La.Ann. page 396. But the plaintiff would be required in such an action to give the number and names of the joint obligors in order that the judgment may fix the proportion of the debt for which each of the defendants is condemned. While the article of the Code, Art. 2085, requiring all joint obligors to be joined in the suit has been changed by the above act, yet the article of the Code, Art. 2086, requiring that a judgment be rendered against each obligor for his proportion of the debt has not been changed.

■ Our conclusion is that the judgment against appellant is illegal in that it fails to fix the proportion of the debt for which he is liable, nor can his proportion of the debt be ascertained by a reference to the pleadings. Loussade v. Hartman et al., 16 La. 117; Van Wyck v. Hills, 4 Rob. 140.

Therefore, for these reasons, the judgment against defendant-appellant Edmond Klotz is hereby reversed, annulled and set aside, and it is now ordered that plaintiff's suit as against this defendant-appellant is dismissed as in case of non-suit with costs in both courts.