MILLER, Judge.
Plaintiff attorney Adam G. Nunez seeks $5,316.70 as the balance due for attorney fees from defendants John C. Ricks, Wendell E. Bridges, A. W. Compton, and Oath-er O. Canaday. Defendants admit that they employed plaintiff to represent them in their opposition to the annexation of the Maplewood-Beverly Hills area by the municipality of Sulphur, Louisiana, but contend that he agreed to work for a maximum fee of $1,000. Plaintiff contends that defendants contracted to pay on the basis of $25 per hour and that he worked 283 hours (Tr. 283).
The trial court dismissed the suit finding that plaintiff had not been hired by the four individual defendants, but that he had been hired by an unincorporated association, the Maplewood Citizens Club. Since there was no proof as to the number or name of the persons in the association, plaintiff’s petition was dismissed. Hagerdorn v. Klotz, 185 So. 658 (La.App. 1 Cir. 1939). We reverse.
Paragraph six of plaintiff’s petition alleged that the four named defendants “retained petitioner to represent them in and to oppose the annexation of the Maple-wood-Beverly Hills and surrounding area into the municipality of Sulphur, Louisiana.” The four defendants answered by admitting “the allegations of fact contained in Paragraph 6 ...” In Paragraph numbered 14 of the answer, these four defendants alleged:
“There was an oral contract of representation wherein the defendants retained petitioner to represent them in and to oppose the annexation of the Maple-wood-Beverly Hills and surrounding areas to the municipality of Sulphur, State of Louisiana.”
Judicial confession is defined in LSA-C.C. Art. 2291, as a declaration which a party makes in a judicial proceeding. It amounts to full proof against the parties making it and cannot be revoked unless it be proved to have been made through an error in fact. It cannot be revoked for error of law. Prieto Lumber Company v. Shoultz, 111 So.2d 857 (La.App. 1 Cir. 1959).
There was no allegation in defendants’ answer that these four defendants were acting on behalf of an unincorporated association when they employed plaintiff. There was no exception of improper join-der of parties defendant.
*587 The evidence supports the judicial confession that these defendants employed plaintiff. Bridges at Tr. 31 admitted that the group that employed plaintiff was Mr. and Mrs. Compton, Bridges, Canaday, Ricks and a Mrs. Blake. At Tr. 44 on examination by his own counsel, Bridges testified that the “group or a committee to fight the annexation to the City of Sulphur . . . was myself, John Ricks, Mr. Cana-day, Mr. and Mrs. Compton. That was the principal ones. Now, Mrs. Blake was there. She helped with the thing. She worked in the courthouse with us. She helped wonderfully.”
Mr. Compton testified at Tr. 64 that plaintiff was employed by “Bridges, Cana-day, Ricks, Mrs. Blake and Mrs. Daily and the wife and myself.”
At Tr. 120, Bridges testified that the contract to retain Nunez was made “at the Compton home when I carried you over there and introduced you to them . . .” These four defendants have admitted that they were present at that occasion.
At Trs. 177 and 178, Mr. Compton testified that “the group” employed plaintiff to oppose the annexation. He agreed that Compton, Bridges, Canaday and Ricks retained Nunez.
Defendant Canaday alleged in article 18 of the answer:
“. . . that he was not a resident of the portion attempting to be annexed at the time of representation, and was informed by petitioner that he could not be a party to the action and that he had no part in the same and could not vote with reference to any action taken; therefore, defendant, O. O. Canaday, would show that he was not a party to the contract of representation in any way or manner and that any contribution he made toward the retention of the petitioner was ■ by way of donation to .the other.defendants to aid and assist them in their cause.”
Canaday testified that he was interested in defeating this annexation to prevent future annexation of his home area. The fact that Canaday could not sign the pleadings in no way detracted from the fact that he along with the other three defendants employed plaintiff.
Having found that plaintiff was employed by the four defendants we look to the terms of the oral contract. While Nunez left the two meetings during which he was employed with the understanding that he was employed at the $25 per hour rate, defendants Bridges and Canaday left the first meeting, and all four defendants left the second meeting with the understanding that the fee would not exceed $1,000 neither party saw fit to state their agreement in writing. The fee was never again discussed until two months after the trial court dismissed defendants’ opposition.
Although the case was handled over a considerable period of time and Nunez kept detailed time records his first report to his clients showing the accumulated time and his bill therefor came some two months after the annexation case had been lost in the trial court and after his clients notified him that they would not appeal the trial court’s decision. That decision closely followed notice that approximately $800 in court costs had accrued through that date.
Nunez points out that he was paid $2,000 on his $165.45 out-of-pocket expenses and his fee up to the trial of the case. He argues that this establishes that his clients never believed that they had a contract with him limiting the fee to $1,000. While this is persuasive, it does not establish that his clients understood that there was no limit to the fee.
Defendants testified that they were well pleased with Nunez’s representation until the late stages of the trial when it appeared that they were losing their opposition to the annexation suit. The payment over and above the $1,000 maximum which they understood to apply, was an admission *588 by defendants that Nunez had worked above and beyond that expected by them in their original employment negotiations. Nunez failed to prove that defendants agreed that there was no limit to the fee to be charged.
Having failed to prove the contract terms of his employment, Nunez is to be paid on the basis of quantum meruit. LSA-C.C. Art. 1965. In re Interstate Trust and Banking Company, 235 La. 825, 106 So.2d 276 (1958). It was there held that:
“In determining the amount to be awarded them as reasonable attorneys fees, that court should consider the extent and nature of the services rendered by these attorneys; the labor, time, and trouble involved; the results achieved; the character and importance of the matter; the amount of money involved; the learning, skill, and experience exercised; and the difficulty of the legal problems.”
The element of time is of minor importance, and standing alone is not a basis for compensation. 7 C.J.S. Attorney and Client § 191, p. 1082. The financial ability of the clients may be taken into consideration, not for the purpose of enhancing the amount above a reasonable compensation, but for the purpose of determining whether or not the clients are able to pay a fair and just compensation for the services rendered. Adams v. Simon, 144 So. 73 (La.App. Orls, 1932); 7 C.J.S. Attorney and Client § 191, p. 1085.
All factors considered, we find that a fee of $2,500 is adequate to cover the attorney’s out-of-pocket expenses and fee. Defendants are entitled to credit for the $2,000 previously paid.
Although plaintiff seeks judgment against the four defendants in solido, the oral contract of employment did not so stipulate. Plaintiff is entitled to judgment against each defendant separately for an equal portion of the debt. LSA-C.C. Articles 2080, 2086 and 2093.
The trial court’s judgment is reversed. It is ordered, adjudged and decreed that plaintiff Adam G. Nunez is awarded judgment against each defendant John C. Ricks, Wendell E. Bridges, A. W. Compton and Oather O. Canaday in the amount of $125 together with legal interest from date of judicial demand. Each defendant is assessed an equal portion of the court costs, both at trial and on appeal.
Reversed and rendered.