286 So.2d 474 (1973)
BARRANGER, BARRANGER AND JONES
v.
Julia Lynn GAINES, wife of/and Albert Louis CROMP.
No. 9534.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Refused February 1, 1974.
*475 Wendell E. Tanner and Thomas A. Lussen, Jr., Slidell, for appellant.
Garic K. Barranger, Covington, for appellees.
Before SARTAIN, TUCKER and WATSON, JJ.
TUCKER, Judge.
The plaintiff law firm, Barranger, Barranger & Jones, brought this suit for attorney fees for its representation of the defendant, Mrs. Julia Lynn Gaines Cromp, in her suit for a separation a mensa et thoro from her husband, Albert L. Cromp, also named a defendant herein.
On or about June 28, 1972 Garic Kenneth Barranger, a member of the plaintiff law firm, met with Mrs. Cromp and her mother, counselled with her, and although he advised her against precipitate action, she allegedly insisted that the separation suit be filed immediately. The conference with Mrs. Cromp and her mother and the preparation of the petition consumed approximately two hours and fifteen minutes of Mr. Barranger's professional time.
The record reflects that there was a discussion between the parties with reference to the legal fees which Mr. Barranger would exact for his services. His properly attested affidavit, made a part of the record, reveals that he advised Mrs. Cromp that he would charge her as a retainer one-half of the community income for a single month plus $35.00 per hour for the time he spent on her case. Mr. Barranger especially advised Mrs. Cromp that the retainer fee would become due and owing once the petition was filed. According to Mr. Barranger, Mrs. Cromp accepted this financial fee agreement, telling him that her husband's income was $616.00 per month. By deposition Mrs. Cromp said she did not recall the details of the fee arrangement related to her by Mr. Barranger, but she conceded that such a discussion did take place, and apparently her emotional and distraught condition, occasioned partly by the problem of recovering the custody of a minor child from her husband, had dimmed her recollection of these details. Also in her deposition she was unable to account for the fact that Mr. Barranger's notes reflected a statement from her to the effect that her husband's income was $616.00 per month. She said he actually was earning $400.00 per month salary then with a take-home pay of $350.00 per month.
The defendants effected a reconciliation some three or four days later and the separation suit was dismissed. Mr. Barranger subsequently billed the defendants in the sum of $367.50 itemized as follows:

Retainer fee (½ of reported community
 income for one month) $308.00
Time charges (2 hrs. 15 min. at $35.00
 per hr.) 78.75
Out-of-pocket court costs 32.00
 _______
 418.75
 Pd. by client June 28, 1971 30.00
 _______
 388.75
 Court costs returned Aug. 2, 1971 21.25
 _______
 $367.50

Defendants refused to pay the bill, insisting that they owed the plaintiff on a quantum meruit basis for the time he had actually spent on Mrs. Cromp's suit, that is, $78.75 plus $10.75 court costs, or a total of $89.50.
The trial court, on motion for summary judgment, rendered and signed a judgment for the plaintiffs in the amount demanded of $367.50. Defendants have appealed, contending that the court a quo erred in *476 granting judgment to the plaintiffs on a contractual instead of a quantum meruit basis. While the subject may have little to do with the issue posed, this court is convinced that Mr. Barranger dealt with Mrs. Cromp in a most professional and ethical manner, and that neither she nor her mother, Mrs. Julia Lynn Gaines, denied the substance and details of the fee arrangements averred by Mr. Barranger; they simply professed an inability to recall such. Illustrative of his conciliatory attitude, Mr. Barranger offered to recompute the retainer portion of his fee to the sum of $182.70, based on the actual community monthly income of the Cromps, plus time charges of $78.75, subject to a credit of $21.25, yielding a total of $240.20.
Recognizing as did the trial judge that Mr. Barranger proved his agreement with Mrs. Cromp, and performed his duty thereunder until the reconciliation of the parties obviated further legal services on his part, we are confronted with the well established jurisprudential rule in Louisiana that the employment of an attorney is a mandate, revocable at the client's will as set forth in C.C., art. 3028. See Cabral v. Heitkamp, 252 So.2d 353 (La.App.4th Cir. 1971). When the mandate has been revoked by the client, as was accomplished by the reconciliation of the parties in this case, the attorney will be compensated, nevertheless, for his services actually performed and the results accomplished. Compensation will be made on a quantum meruit basis, however, see Cabral v. Heitkamp, cited supra; Schiro v. Perkins, 240 So.2d 920 (La.App.4th Cir. 1971), rehearing denied and writs refused; and Woodley v. Robinson, 100 So.2d 255 (La.App.2d Cir. 1958).
Though the law requires the fee of plaintiffs to be fixed on a quantum meruit basis, we do not think the jurisprudence envisions that the plaintiffs' compensation should be limited solely to the time consumed on the client's case. In support of this position we cite from Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51 (1953) the following quotation:
"* * * In estimating the value of services rendered by attorneys in any case, we take into consideration the responsibility incurred, which involves a consideration of the importance of the litigation, as well as the amount involved, the extent and character of the labor performed, and the legal knowledge and attainments and skill of counsel. Peltier v. Succession of Thibodaux, 175 La. 1026, 144 So. 903, and authorities there cited."
and from Dwyer Lumber Co. v. Murphy Lumber and Supply Co., 126 So.2d 19 (La. App.1st Cir. 1960) the following observation:
"Prior decisions have set forth the well reasoned rule that courts called upon to fix fees of an attorney will give consideration to the number of appearances made, the responsibility incurred, the need for the services rendered, the amount recovered, the intricacies of the facts and the law involved in the case, time and labor expended by the attorney, the results accomplished and the diligence and skill with which the attorney has represented his client. Peiser v. Grand Isle, Inc., 224 La. 299, 69 So.2d 51; Peltier v. Thibodaux, 175 La. 1026, 144 So. 903."
See also Nunez v. Ricks, 262 So.2d 585 (La.App.3d Cir. 1972), rehearing denied.
In the instant case Mr. Barranger, impressed by the urgency of Mrs. Cromp's demands for service, put aside everything else to prepare her petition for immediate filing. She was very anxious to secure the return of her child from her husband, fearing some kind of harm to the child. Suits for separation and divorce are, by their very nature, extremely sensitive matters, but the instant one appears even more urgent and sensitive inasmuch as the custody of a child was involved. Apparently the trial judge, who has great discretion in fixing the amount of attorney fees for cases *477 before him, considered the fee asked by Mr. Barranger a very reasonable one under the circumstances.
We note that both the fee as originally computed, and as recomputed on the basis of the smaller monthly community income, envisioned the securing of a judgment of separation which would have entailed at least one appearance in court. In conformity with the jurisprudence the record shows that Mr. Barranger had not earned his entire fee at the time Mrs. Cromp revoked her mandate to him, but he had counselled with her skillfully, summarily prepared her petition and filed it. We think his legal services, in view of the circumstances we have outlined above, were worth $100.00 in addition to his time charges of $78.75 and out-of-pocket court costs of $10.75.
For the foregoing reasons the judgment of the trial court awarding the plaintiffs the sum of $367.50 against the defendants is amended and reduced to the sum of $189.50; in all other respects the judgment is affirmed. The plaintiff is assessed with the filing costs of this appeal; the defendants are cast with all other court costs.
Affirmed as amended.