342 So.2d 1261 (1977)
FIASCONARO & FIASCONARO
v.
Frank C. ORLANDO, Jr.
No. 7826.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
*1262 Fiasconaro & Fiasconaro, Joseph A. Fiasconaro, Jr., New Orleans, for plaintiff-appellee.
A. Gerard Johnston, Metairie, for defendant-appellant.
Before GULOTTA, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
Plaintiff sued defendant on open account to collect $200.00 for professional legal services and advanced court costs of $50.00. The trial court rendered judgment for the plaintiff. We affirm.
Plaintiff, a partnership engaged in the practice of law, was retained by defendant to represent him in a domestic relations matter. Plaintiff acted on behalf of defendant on motions terminating alimony, reducing child support and fixing visitation rights. Defendant contests a bill submitted August 18, 1975 for $250.00 for legal services provided by plaintiff in connection with a divorce proceeding.
The August 18, 1975 bill lists three distinct items and the amount charged for each by plaintiff. Defendant was billed $150.00 for conferences and calls relating to an uncontested divorce, the preparation and filing of a divorce petition, the preparation and filing of a preliminary default, preparation of a non-military service affidavit and for the arrangement of a court appearance and the preparation of a divorce judgment. The entire divorce was originally to cost $250.00, but plaintiff deducted $100.00 from that amount because no court appearance was made.
Plaintiff charged defendant $50.00 for preparation of the community settlement which included a review of the community assets, as well as research of acts of sales, a dation en paiment and a counter letter. Plaintiff also had conferences with defendant and prepared a document setting out the partition of the community. The final item was a $50.00 charge for the deposit of court costs by plaintiff for the filing of the divorce petition.
A final divorce was not obtained because defendant refused to proceed when he found out that his wife refused to sign the community settlement agreement on his terms.
*1263 The controversy arises over defendant's contention that plaintiff continued to make preparations necessary for the divorce in spite of his instructions to delay the proceedings until his wife's assent to the agreement was assured. Defendant argues that these services were of no value to him. He also contends that the previous payments made to plaintiff were sufficient to compensate plaintiff for the work done.
Plaintiff points out that defendant signed the divorce petition signifying his acquiescence in the action. Plaintiff contends that defendant informed him to suspend all proceedings on the day they were to go to court and confirm the default judgment of divorce after all preparations had been made.
The issues presented on appeal are: (1) whether or not plaintiff acted in disregard of defendant's instructions in preparing the divorce and partition; and (2) whether or not plaintiff is entitled to recover for the services listed in the August 18, 1975 statement.
The first issue is a factual one and, therefore, we are compelled to give great weight to the findings of the trial judge. See Canter v. Koehring Co., La., 283 So.2d 716 (1973).
In reviewing the evidence, we find that the testimony of defendant as to when he actually instructed plaintiff to suspend the proceedings is somewhat contradictory. Plaintiff, on the other hand, firmly stated that defendant did not instruct him to halt the proceedings until it was time to go to court and confirm the preliminary default judgment. In light of the trial court's findings and our review of the record, we conclude that plaintiff was not instructed to suspend the preparations for the proceedings until it was time to confirm the preliminary default judgment and subsequent to plaintiff's preparation for the action.
Plaintiff is entitled to recover the full amount demanded for the services rendered. The appointment of an attorney is a mandate revocable at the clients will. LSA-R.C.C. Article 3028. However, at the time of the revocation the attorney is entitled to compensation for services actually performed and results accomplished on a quantum meruit basis. Barranger, Barranger & Jones v. Cromp, 286 So.2d 474 (La. App. 1 Cir. 1973). This is true even where the lawyer is discharged prior to a final legal resolution of the matter. See Barranger, Supra; Wright v. Fontana, 290 So.2d 449 (La.App. 2 Cir. 1974).
The value of legal services is an area coming particularly within the expertise of the trial judge. Lynch v. Burglass, 286 So.2d 170 (La.App. 4 Cir. 1973). We agree with the trial court's conclusion that $250.00 is due for the services rendered by plaintiff. Plaintiff did not charge defendant the full amount agreed upon for a divorce due to the fact a court appearance was not made. Therefore, defendant is only being charged for services actually performed which is a proper sum on the basis of quantum meruit.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.