ELLIS, Judge:
This is a suit for an attorneys’ fee. Plaintiffs J. J. MeKernan and Keith D. Jones were consulted by Thomas L. Watson, who had been arrested and charged with armed robbery. Mr. Watson testified that he was told a fee of $5,000.00 would be charged for the representation. Plaintiffs represented defendant Watson through arraignment and the preliminary hearing, and filed a couple of discovery motions.
The charge against Mr. Watson was reduced to simple robbery by the district.attorney. However, the assistant district attorney who was handling the case testified that, had the case gone the trial, he would have upped the charge to armed robbery.
Eventually, defendant discharged plaintiffs and retained another attorney. He paid nothing to plaintiffs. This suit was filed for $2,500.00, alleging that the contract between the parties was for $5,000.00, but, because plaintiffs did not handle the matter through trial, they were demanding only half of the original fee.
From the testimony in the record it would appear that plaintiffs spent about five hours in office and courtroom time on defendant’s case. There is testimony in the case that $5,000.00 is a reasonable fee for the defense of an armed robbery case, and that the fee is not based solely on the amount of time spent on the defense, al *435 though it is a consideration. Other factors involved are the seriousness of the charge and the degree of expertise required in handling the case.
The trial judge felt that plaintiffs were entitled to recover the sum of $2,500.00 and signed a judgment accordingly. Defendant has appealed, and argues in this court that plaintiffs are entitled to be compensated on a basis of quantum meruit based, on the amount of time spent on the case, and that the award made is excessive.
Under the above circumstances, we find no error in the result reached by the trial judge. Considering the amount of time spent on the case, the seriousness of the charge, the diligence and skill of the representation afforded defendant and the degree of expertise involved in the case, we think the trial judge correctly resolved the issue before her. See Barranger, Barranger and Jones v. Cromp, 286 So.2d 474 (La.App. 1st Cir. 1973), writs denied 288 So.2d 647 (La.1974). Fiasconaro & Fiasconaro v. Orlando, 342 So.2d 1261 (La.App. 4th Cir. 1977).
The judgment appealed from is therefore affirmed at defendant’s cost.
AFFIRMED.