DUFRESNE, Judge.
Two property owners in a residential subdivision as individuals and as members of a homeowners association, bring this appeal from a judgment denying injunctive relief sought by them to prevent construction of several houses which they alleged would be in violation of their subdivision’s building restrictions. Because we find that the restriction at issue here does not apply to the properties in question, we affirm.
In 1951, Jeff, Inc. acquired a narrow tract of land between Orchard Road and Upstream Street in Jefferson Parish for the purpose of developing a residential subdivision. As the attached plat shows, (Appendix No. 1) a street designated as Walter Road was placed down the long axis of the property, thus dividing it in half lengthwise. Several cross streets perpendicular to Walter Road were also dedicated.
The original plan did not, however, subdivide the tract into individual lots, but rather into smaller sections indicated on the plat by the circled, bold face letters A through F. As prospective buyers came forward, they were permitted to designate any width of lot which suited them, so long as that width was sixty feet or more. Jeff, Inc. also incorporated into the title of each lot sold a uniform set of building restrictions. The pertinent paragraphs of those restrictions are as follows:
(3) Nor [sic] more than one (1) residence shall be erected on any residence site. Each residence site shall consist of a frontage of not less than sixty (60) feet.
(6) All residence lots face Walter Road and no utilities will be placed on any other street by vendor. Houses must face Walter Road, however, garages may face the back streets, if so desired.
It appears from the record that by 1955, all lots had been sold, and a plat showing this final subdivision into individual lots was approved by the parish in that year.
The parcels that are the subject of this suit are designated on the plat as Lots A, B, C and D, in section F. The adjoining Lot X, originally included Lots A, B, C and D, when it was sold in 1953 to William Bert-hold. In 1957, Berthold received approval from the parish to resubdivide this property into the five lots now shown, and this resubdivision was duly recorded in the public records.
*767 The present defendants acquired Lots A, B, C, and D, in 1983, and proposed to build one single family residence facing Orchard Road on each of the lots. Each lot has a frontage of more than sixty feet on Orchard Road, but none front upon, or have ingress and egress to Walter Road.
Upon learning of this proposed development, the plaintiffs sought to enjoin the defendants from building the houses. ■ The sole allegation in their petition was that Paragraph 6 of the restrictions specifically prohibited the building of houses facing Orchard Road.
After trial on the merits, the trial court found that Paragraph 6 of the restrictions was ambiguous, and therefore denied the injunction on the apparent grounds that ambiguities in building restrictions are to be construed in a manner favorable to unrestricted use of the immovable, La. Civ. Code, art. 783.
Plaintiffs now appeal, alleging two errors by the trial court. They contend, first, that it was error to find Paragraph 6 ambiguous, and second, that if any such ambiguity did exist, it was further error not to look to the entire context of the restrictions to resolve that ambiguity.
Before turning to plaintiffs’ arguments on these points, we first note that their petition did not challenge the 1957 resubdi-vision of Lot X. Further, when the defendants sought to put on evidence concerning that resubdivision Mr. Dupuis, a plaintiff, as well as counsel for all plaintiffs stated:
“Your Honor, I object to that line of questioning. The question of resubdivid-ing a lot in our subdivision is not a violation of our subdivision restrictions and I object to any line of questioning along these lines.”
With these facts in mind, we first address plaintiffs’ second allegation of error which is that the trial court failed to consider the restrictions in their entirety. Specifically, they point out that Paragraph 3, prohibits the construction of more than one house on any one lot, and requires that all lots have at least a sixty foot frontage. They further assert that when read together with the clause in Paragraph 6, which requires houses to face Walter Road, the clear conclusion is that further resubdivision of the lots as they appeared on the final 1955 plat is a violation of the restrictions.
While we appreciate the thrust of this argument, that issue is not before us. The simple fact is that the plaintiffs made a judicial admission at trial that resubdivision was not prohibited by the building restrictions, and such admissions cannot later be repudiated on appeal on the basis of an error of law, La.Civ.Code., art. 2291; Nunez v. Ricks, 262 So.2d 585 (La.App. 3rd Cir.1972).
We emphasize here that we do not resolve the question of whether the restrictions prohibit resubdivision of other lots in the subdivision. What we do hold is that because the plaintiffs admitted at trial that the resubdivision at issue here did not violate those restrictions, they are now precluded from asserting that claim against the present defendants in regard to Lots A, B, C and D, of Section F, as shown on the plat.
We finally turn to plaintiffs’ first allegation which is that the trial court erroneously found Paragraph 6, of the restrictions ambiguous. This paragraph consists of two distinct parts. The first sentence is a declaration by the developer that all lots face Walter Road and that he would not place utilities on any other street. The second sentence states that all houses must face Walter Road. However, the lots in question here do not face Walter Road. They thus do not fall within the declaration of the first sentence, and therefore the restriction of the second sentence is simply inapplicable to these properties. While we therefore agree with plaintiffs’ contention that the clause is not ambiguous and remains valid as to properties fronting on Walter Road, we conclude that it does not apply to properties otherwise situated.
For the foregoing reasons, the judgment of the trial court, denying the injunction is hereby affirmed.
AFFIRMED.
*768 APPENDIX NO. 1