STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-102


NATCHITOCHES PARISH POLICE JURY

VERSUS

NATCHITOCHES SPORTSMAN'S ASSOCIATION


**********


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 82810- DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE


**********


**ELIZABETH A. PICKETT
JUDGE**


**********


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Van H. Kyzar**
**District Attorney, Tenth Judicial District Court**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**Counsel for Plaintiff-Appellee:**
**Natchitoches Parish Police Jury**

**William Preston Crews, Jr.**
**Attorney at Law**
**P. O. Box 226**
**Natchitoches, LA 71458-0226**
**(318) 356-8001**
**Counsel for Defendant-Appellant:**
**Natchitoches Sportsman's Association**

**PICKETT, Judge.**

The defendant, the Natchitoches Sportsman's Association (NSA), appeals the trial court's grant of summary judgment in favor of the plaintiff, the Natchitoches Parish Police Jury (NPPJ), which declared lease agreements between the NSA and the NPPJ null and void.

## STATEMENT OF THE CASE

On June 21, 1989, the NPPJ and the Grits Gresham Shooting Club, Inc. (GGSC), entered into a ten-year lease agreement whereby the GGSC leased a twenty-acre tract of land from the NPPJ for the purpose of constructing and running a shooting range. In June 1992, the NSA, allegedly the successor corporation of the GGSC, entered into a fifty-year lease with the NPPJ for the same twenty-acre tract. The term of the lease was extended in order to qualify for certain government grants. In November 2001, the Natchitoches Shooting Range, the NPPJ, and a "Trailer Occupant" entered into an agreement concerning utilities for a trailer and the duties of the occupant of the trailer.

Facing a budget shortfall, the NPPJ filed suit in October 2009 to have these lease agreements terminated because of violations of the agreement by NSA. After NSA filed certain exceptions, the NPPJ amended its petition to delete the original allegations. The amending petition alleged a violation of the statutes governing the lease of public lands in Chapter 10 of Title 41 of the Revised Statutes, La.R.S. 41:1211, et seq. Specifically, La.R.S. 41:1214 requires that in order for public land to be leased to a private entity, the lessor must publicly advertise for bids, and La.R.S. 41:1217 limits the lease of public lands to a term of ten years. As a result of these

violations, the NPPJ asked for a declaratory judgment that the leases are null and void.

The NPPJ filed a motion for summary judgment, which was heard on August 10, 2010. The trial court rendered judgment in favor of the NPPJ on August 12, 2010, and declared the lease agreements and utilities agreement null, void, and without effect. The NSA now appeals that judgment.

## ASSIGNMENTS OF ERROR

The NSA asserts five assignments of error:

1. The trial court was manifestly erroneous in punishing the innocent victim rather than punishing the guilty party who confessed of its crime.

2. The trial court was manifestly erroneous in failing to find that the action by the plaintiff was untimely.

3. The trial court was manifestly erroneous in failing to apply all law applicable to the issue.

4. The trial court was manifestly erroneous in failing to apply equitable, judicial estoppel, or laches.

5. The trial court was manifestly erroneous in failing to interpret the language, meaning, and intent as expressed in various leases - agreements so as to minimize the adverse effects to the innocent party and reward the party who judicially admits wrong doing.

## DISCUSSION

An appellate court reviews judgments granting a motion for summary judgment using a de novo standard of review. *Gray v. Am. Nat. Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. Where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law," then summary judgment is appropriate. La.Code Civ.P. art. 966(B).

The NSA's first, fourth, and fifth assignments of error amount to a request for this court to invoke equitable principles. We are bound to follow the law. Louisiana Civil Code Article 1 states: "The sources of law are legislation and custom." In the rare situation where neither legislation nor custom provides a legal solution, La.Civ.Code art. 4 requires courts "to proceed according to equity." In this case, there is sufficient legislation covering this particular situation, and we cannot ignore the primary sources of law to invoke equity. These assignments of error lack merit.

Reviewing the case de novo, we find that the trial court did not err in granting summary judgment. There are no genuine issues of material facts. The leases were entered into without first being advertised for public bid as required by La.R.S. 41:1214. The NSA has not provided any evidence that the leases are exempt from the public advertisement and bid requirements.

In its second assignment of error, the NSA claims that the NPPJ's action to annul the lease is prescribed. Louisiana Code Civil Procedure Article 2163 allows a party to raise the peremptory exception of prescription for the first time in the appellate court. However, the peremptory exception must be raised in a formal pleading and is not properly raised in oral arguments or by brief. *Rapp v. City of New Orleans*, 95-1638 (La.App. 4 Cir. 9/22/96), 681 So.2d 433, *writ denied*, 96-2925 (La. 1/24/97), 686 So.2d 868; *Tucker v. La. Dept. of Rev. and Taxation*, 96-2740 (La.App. 1 Cir. 2/20/98), 708 So.2d 782. The NSA has not filed a formal pleading raising the exception of prescription either in this court or in the trial court. Therefore, we will not consider this assignment of error.

In its third assignment of error, the NSA argues that the trial court did not properly consider the provisions of La.R.S. 38:2220.3, which requires a party filing

a civil action to annul a contract with a public entity to file notice with the attorney general.  We find that this law is inapplicable in this situation, where the district attorney for the parish has filed the civil action seeking declaratory relief.  Louisiana Revised Statutes 38:2220 contemplates that the district attorney, as the attorney for the police jury, has the authority to bring such an action without following the requirements of La.R.S. 38:2220.1 through 2220.4, which apply only to private citizens.  This assignment of error lacks merit.

**CONCLUSION**

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to the appellant, the Natchitoches Sportsman's Association.

**AFFIRMED.**